RYAN v. BATCHELOR.

Opinion delivered June 13, 1910.

1. DEEDS—AMOUNT OF LAND—COVENANT.—When a vendor conveys for a specified price a tract of land which is described by metes and bounds or otherwise, with the words added, *containing a specified number of acres, more or less,* this is a contract not by the acre, but in gross, and does not by implication warrant the quantity. (Page 377.)

2. FRAUD—FRAUDULENT REPRESENTATION.—Where a statement was made merely as an expression of opinion or not in such manner as to induce the other to act in reliance thereon, even though it was false, it will not sustain an action for deceit. (Page 377.)

3. FRAUD—MISREPRESENTATION.—A misrepresentation in a sale of land, to affect the validity of the contract, must relate to some matter of inducement to the making of it, in which, from the relative position of the parties and their means of information, the one must necessarily be presumed to contract upon the faith and trust which he reposes in the representations of the other on account of his superior information and knowledge in regard to the subject of the contract. (Page 378.)

Appeal from Ouachita Circuit Court; *George W. Hays,* Judge; affirmed.

*Lamb & Caraway,* for appellant.

Appellant was entitled to judgment for the amount sued for. 61 Ark. 120; 19 Ark. 102; 14 N. Y. 143; 133 N. Y. 227; 30 N. E. 974; 10 L. R. A. 656.

*Gaughan & Sifford,* for appellee.

In the absence of fraud, the buyer takes the risk of quantity when the words "more or less" are in the descriptive part of the deed. 19 Ark. 108. Appellant had no right to rely on statements made by appellee. 47 Ark. 165.

FRAUENTHAL, J.  The appellee sold to appellant a tract of
land in Craighead County, and conveyed same to him by a
warranty deed.  In the deed the land was described as follows:
"The fractional south half of the northwest quarter of section
eleven, township fourteen north, range three west, being all of
said subdivision lying north of the Kansas City, Fort Scott
& Memphis Railway, containing seventy acres more or less."
About two years after the purchase was made the appellant
had the land surveyed, and claimed that there were only 57.23
acres in the tract.  He then instituted this suit against the ap-
pellee, and in his complaint alleged that the appellee had falsely
represented that the tract contained 72 acres when as a matter
of fact it only contained 57.23 acres; and he sought to recover
by way of damages the excess of price which he claimed he was
induced to pay for said land by reason of said false representa-
tion.  The case was tried by the court sitting as a jury, who
made a finding of fact and of law in favor of the defendant;
and a judgment was entered accordingly.  From that judgment
the plaintiff below appealed.  The testimony adduced at the
trial tended to prove that the appellee was a nonresident of
the State, and had placed the land in the hands of a resident
agent to sell.  This agent called the attention of the appellee
to the fact that the land was for sale.  The land is situated
about one and one-half miles from the city of Jonesboro, and
the appellant had seen the land many times before the sale and
had been on and over it.  Before the contract of purchase was
made the appellant and the agent of appellee talked about hav-
ing the land surveyed in order to determine the number of
acres that were in the tract.  The agent stated that the land
had not been surveyed, and that he was not in a position to
have it surveyed.  It was then agreed that the appellant would
have the land surveyed.  This was about two or three months
before the deed was executed, the purchase money paid and the
contract of sale consummated.  There is no testimony that the
agent stated that the land contained 70 acres; and the only
circumstance indicating that this number of acres was mentioned
is that in the deed the land is described as containing 70 acres,
more or less.  The appellant testified that when he purchased
the land it was to contain, or that he thought it contained, 72

acres, but he does not state that the agent made such a representation.

This is an action to recover damages for an alleged deficiency in the quantity of the land claimed to have been sold. It is founded upon the alleged fraud in making a false representation as to the quantity of the land, which induced the purchaser to pay the price therefor. Such an action can not be founded upon the breach of any of the usual covenants that are contained in a deed and which were contained in this deed.

Independently of an express averment or covenant as to quantity in the deed, when the quantity is mentioned after a particular description of the land, it is regarded merely as a part of the description, and will be rejected if it is inconsistent with the actual area of the premises conveyed. In the case of *Harrell* v. *Hill,* 19 Ark. 103, it is said: "The mention of quantity of acres after a certain description of the subject by metes and bounds, or by other known specifications, is but matter of description, and does not amount to any covenant or afford ground for the breach of any of the usual covenants, though the quantity fall short of the given amount." When the vendor conveys for a specified price a tract of land which is described by metes and bounds or otherwise, with the words added containing a specified number of acres more or less, this upon the face of the contract is a contract not by the acre but in gross, and does not by implication warrant the quantity. In such event, should there be a deficiency in the quantity, the right to relief for such deficiency is founded upon fraud, misrepresentation or gross mistake. 1 Sugden on Vendors, p. 490; 3 Washburn on Real Property, § 2322; *Harrell* v. *Hill,* 19 Ark. 103; *Goodwin* v. *Robinson,* 30 Ark. 535; *Neely* v. *Rembert,* 71 Ark. 91; *Joseph* v. *Baker, ante* p. 150.

The appellant can not maintain this action for damages upon the ground that there has been any breach of a covenant in the deed or of any implied warranty of the quantity of the land. His cause of action is founded, as alleged in the complaint, upon the ground that he was induced by false representations made as to the quantity of the land to pay the price therefor. Now, before a representation will be considered fraudulent in law so as to give a right of action therefor, it must be

made relative to a matter susceptible of accurate knowledge, and must be a statement importing knowledge on the part of the person making the representation; and it must also be relied on as such. If the statement was made only as an expression of opinion, or if it was not made in a manner so as to induce the other to act in reliance thereon, then such representation, even though not true, would not be sufficient to base an action thereon for deceit. In the case of *Yeates* v. *Pryor*, 11 Ark. 58, this court said: "The misrepresentation, in order to affect the validity of the contract, must relate to some matter of inducement to the making of the contract in which, from the relative position of the parties and their means of information, the one must necessarily be presumed to contract upon the faith and trust which he reposes in the representations of the other on account of his superior information and knowledge in regard to the subject of the contract; for, if the means of information are alike accessible to both, so that with ordinary prudence or vigilance the parties might respectively rely upon their own judgment, they must be presumed to have done so; or, if they have not so informed themselves, must abide the consequences of their own inattention and carelessness. Such representations therefore, to amount to fraud, must be of a decided and reliable character, holding out inducements to make the contract, calculated to mislead the purchaser and induce him to buy on the faith and confidence of the representation, and in the absence of the means to be derived from his own observation and inspection and from which he could draw conclusions to guide him in making the contract independent of the representations of the vendor." *Hill* v. *Bush*, 19 Ark. 522; *Fitzhugh* v. *Davis*, 46 Ark. 337; *Matlock* v. *Reppy*, 47 Ark. 148; 14 Am. & Eng. Ency. Law, 33.

In the case at bar when the appellant spoke to the agent of the appellee relative to the purchase of the land, its quantity was also spoken of. They talked about having the land surveyed in order to determine its quantity. The agent told the appellant that he was not in a position to have the land surveyed, and thereupon the appellant agreed to have it surveyed. This was before the contract was entered into, and long before the purchase price was paid and the sale consummated. From this testimony we think the court was justified in finding that the

agent of appellee did not make any decided representation as to the quantity of the land which was calculated to mislead the appellant. On the contrary, the court was warranted in finding that the appellant was intending to ascertain for himself the quantity of the land and rely upon the information that he would obtain relative thereto by a survey which he would have made. The court was warranted in finding that the appellant was not induced to enter into a contract for the purchase of the land by any representation made by appellee's agent which was fraudulent as understood in law.

Upon the trial of the case the appellant attempted to prove that the tract contained less than 70 acres by a witness who testified that he surveyed it. But the testimony of this witness was so unsatisfactory that we can not say that the court erred in not placing reliance thereon. This was the only testimony adduced upon the trial as to the quantity of the land.

Upon an examination of all the testimony we are of the opinion that there is sufficient evidence to sustain the finding of the court as to the facts, which therefore becomes conclusive; and that the finding of facts so made by the court fully justified its conclusion of law and the judgment which it entered.

The judgment is affirmed.