## BROWN *v.* LEMAY.

### Opinion delivered November 20, 1911.

1. FRAUD—PAROL EVIDENCE CONCERNING WRITTEN CONTRACT.—In actions founded upon fraud parol testimony is admissible to show that the making of the contract was induced by false and fraudulent representations notwithstanding the contract is in writing. (Page 99.)

2. SALES OF LAND—CONSTRUCTION OF CONTRACT.—Where a vendor conveys for a specific price a tract of land which is described by metes and bounds, without the exact number of acres mentioned, or with the words added, "containing a specified number of acres, more or less," the sale is not by the acre but in gross, and the mention of quantity after the particular description may be rejected. (Page 99.)

3. ACTION—NATURE—CONTRACT OR TORT.—An action by a purchaser of land based upon the ground that the purchaser was induced to buy by false representations made by the vendor as to the number of acres sold is not an action for breach of covenant but for fraud in procuring the sale. (Page 99.)

4. SALES OF LAND—FRAUD—REMEDIES OF VENDEE.—One who is induced to purchase land by the fraudulent representations of the vendor as to the quantity of land sold may sue in equity to have the sale rescinded, or at law to recover the damages sustained by reason thereof. (Page 99.)

5. FRAUD—WHEN ACTIONABLE.—In order that representations may be fraudulent in law, they must be made by one who either knows them to be false, or else, not knowing, asserts them to be true, and made with

intent to have the other party act upon them to his injury, and such must be their effect.   (Page 100.)

6.   Appeal and error—change of theory.—When a cause was tried in the lower court upon a certain theory, it can not for the first time be contended upon appeal that it should have been tried upon a different theory.   (Page 101.)

Appeal from Pulaski Circuit Court, First Division; *Robert J. Lea,* Judge; affirmed.

*Vaughan & Akers,* for appellant.

1.   When two parties have executed a written instrument which expresses the terms of their contract, neither of them can introduce parol testimony tending to vary, change, add to or subtract from the terms of the written instrument.   94 Ark. 130;  88 Ark. 213;  86 Ark. 162, 164;  83 Ark. 163;  80 Ark. 505, 508, 509;  67 Ark. 62;  30 Ark. 186, 197.

2.   The first instruction of the court ignores an element vital to plaintiff's case, the element of knowledge on the part of the defendant of the falsity of his representations.   In an oral instruction the court had told the jury that this is an action for deceit.   If it is, then the representations must have been made by the defendant knowing them to be false, or else, not knowing, asserted them to be true, with the intent that plaintiff should act upon them to her injury, and such must have been their effect.   73 Ark. 542, 546, 547.   The instruction is further wrong in that it ignores the circumstances of the case as bearing upon plaintiff's right to rely upon defendant's alleged statements as to the quantity of the land.   She had, under the circumstances, no such right.

It also excludes from the jury consideration of the question whether plaintiff in selling the land and requiring her vendee to assume the payment of the balance of purchase money due from her to the defendant, did not waive her right to bring this action.

*J. H. Harrod,* for appellee.

1.   This suit was not on the deed, nor instituted nor intended in any manner to affect or change it; but it was for false representations which induced appellee to accept the deed, in other words, an action for deceit in the sale.   Parol evidence was admissible to prove the false representations.   38 Ark. 334.

2. The element of knowledge on defendant's part of the falsity of his representations is not a vital element of plaintiff's case, as now contended by appellant, and it does not appear to have been so considered at the trial, since he at no time asked for an instruction telling the jury they must find that the defendant knew his statement was false before plaintiff could recover.

FRAUENTHAL, J. This was an action instituted by a vendee to recover damages for an alleged deficiency in the quantity of land claimed to have been sold to her. It is founded upon the alleged fraud of the vendor in making false representations as to the quantity of the land inducing the vendee to pay the price therefor.

The appellant sold to appellee a tract of land in Pulaski County for $3,500, and conveyed same to her by warranty deed. In the deed the land was described as follows:

"The northwest quarter of the northeast quarter of the southwest quarter of section two (2), township one (1) north, range thirteen (13) west, and also all that part of the southeast quarter of the northwest quarter and the northeast quarter of the northeast quarter of the southwest quarter of section two (2), in township one (1) north, range thirteen (13) west, lying south and west of Cunningham Lake, containing twenty (20) acres, more or less, reserving, however, a sufficient space to erect and maintain a fence along said lake so that the lake may be enclosed."

It was alleged that the appellant had sold the land to the appellee at the price of one hundred dollars per acre, and had falsely represented that the land contained thirty-five acres, whereby she was induced to pay $3,500 therefor. It was further alleged that the tract contained only 30.9 acres; and by this action she sought to recover the excess in such price paid by her. The case was tried by a jury, who returned a verdict in favor of appellee.

The testimony in behalf of the appellee tended to prove that she resided in the city of Little Rock, a few miles from the land she purchased. The appellant spoke to her relative to selling the land to her. It appears that her father had seen the land, and that she also had looked at it. It was inclosed under a wire fence, and was in one body. The appellant told her that there

were thirty-five acres in the tract, and that he would take one hundred dollars per acre therefor, and no less. It appears that the appellee was not familiar with descriptions of land so as to understand therefrom the area thereby represented; and from her observation of the tract did not know the number of acres which it actually contained. Relying upon the representation made by appellant as to the number of acres in the tract, she agreed to pay therefor the sum, at $100 per acre, amounting to $3,500.

The appellee testified that, at the time the deed was drafted, she told appellant that it did not state that the tract contained 35 acres, and thereupon he told her that the description as set forth in the deed contained that number of acres and sufficiently described that number of acres. She then said to him that she knew nothing about such matters, and that she relied upon his honesty about it. She testified that she accepted the deed, and was induced to pay the price entirely by the representation made by appellant that there were 35 acres in the tract. Shortly after this she contracted to sell the land to a third party, named Walden, who had it surveyed, and it was then that she learned for the first time that the tract only contained 30.9 acres. Thereupon she conveyed the land to her vendee at a reduced price on that account. The testimony tended further to prove that she at once notified appellant of the deficiency in the quantity of the land, and sought to obtain from him the difference in the price by reason thereof. She did not, however, offer to rescind the contract of sale, and gave as a reason that she had in the meanwhile contracted to sell it to said Walden.

The appellant denied that he had represented that there were 35 acres in the tract, and also denied that he had sold the land to appellee at $100 per acre or by the acre. He testified that he sold the entire tract in gross to her at $3,500.

It is urged by counsel for appellant that the court erred in permitting the introduction of parol testimony as to the representations made by appellant relative to the number of acres in the tract, and that the price agreed upon was at a sum per acre. This contention is made upon the ground that the deed was the written evidence of the contract of sale of the land, and that parol testimony was not admissible to contradict

or vary its terms. But the action instituted herein is not based upon the contract, but is founded upon an alleged tort, committed by appellant in making false representations by which the contract was fraudulently obtained, and the appellee thereby damaged. It is well settled that in actions founded upon fraud parol testimony is admissible to show that the making of the contract was induced by false and fraudulent representations, notwithstanding the contract is in writing.

In the case of *Harrell* v. *Hill*, 19 Ark. 102, the charge was made that the defendant had misrepresented the quantity of land sold to the plaintiff in that suit. In that case the court said: "The charge, then, is fraud. * * * No rule or principle of law is violated by the admission of parol evidence of fraud going into the consideration or execution of the deeds."

In the case at bar the action is not founded upon the breach of any covenant in the deed, or of any warranty of the quantity of the land. There is no express covenant in the deed as to the quantity of the land. When a vendor conveys for a specific price a tract of land which is described by metes and bounds, without the exact number of acres mentioned, or with the words added, "containing a specified number of acres, more or less," the contract upon the face of it is not by the acre but in gross, and does not by implication warrant the quantity. In such case the mention of the quantity after such particular description, even if made, is rejected if inconsistent with the actual area of the premises described by metes and bounds. *Harrell* v. *Hill, supra; Ryan* v. *Batchelor*, 95 Ark. 375.

The action instituted in this case can not be maintained upon the ground that there has been a breach of any covenant in the deed or of any verbal warranty of the quantity of the land. The cause of action is founded upon the ground that the appellee was induced, by false representations made as to the quantity of the land, to pay the price therefor. She seeks recovery for the deficiency in the number of acres alleged to have been sold to her, and her right to relief is founded upon the alleged fraud in the procurement of the contract of sale. The fraud is alleged to have been committed in the misrepresentation made by the appellant as to the number of acres contained in the tract whereby the appellee was misled to her damage.

It is well settled that one who has been induced to purchase

property by the fraudulent representations of the vendor has a right to sue in a court of equity to have such sale rescinded, or in a court of law to recover the damages which he has sustained, by reason of such deceit and fraud. In order for such representations to be fraudulent in law, they "must be made by one who either knows them to be false or else, not knowing, asserts them to be true and made with the intent to have the other party act upon them to his injury, and such must be their effect." *Louisiana Molasses Co., Ltd.,* v. *Fort Smith Wholesale Grocery Co.,* 73 Ark. 542; *Jarratt* v. *Langston,* 99 Ark. 438.

In the case at bar, we are of the opinion that there was some evidence adduced upon the part of the appellee warranting the jury in finding that the appellant sold the land to her, not in gross but at $100 per acre, and falsely represented that there were 35 acres in the tract, and thereby induced her to pay $3,500 therefor. We think there was evidence which tended further to show that she was ignorant of the number of acres that there were in the tract, and relied upon the representations made by the appellant, and that he knew that she was relying thereon. She was therefore entitled to recover the damages which she sustained by reason of the fraud practiced upon her, inducing her to enter into the contract and pay the price for the land. 1 Sugden on Vendors, p. 490; 3 Washburn on Real Property, § 2322; *Harrell* v. *Hill, supra; Goodwin* v. *Robinson,* 30 Ark. 535; *Neeley* v. *Rembert,* 19 Ark. 253; *Joseph* v. *Baker,* 95 Ark. 150; *Ryan* v. *Batchelor, supra.*

It is urged that the court erred in giving to the jury instruction No. 1 on behalf of appellee, because it ignored the element of knowledge on the appellant's part of the falsity of his representation. In order to support an action based upon false representations, it is necessary that such representations must either be known to be false by the party making them, or they must be made as a positive assertion, calculated to convey the impression that the party has actual knowledge of their truth, when in fact he is conscious that he has no such knowledge; and the instruction should have contained that element. If the appellant conceived that the instruction given was, on account of its verbiage, faulty in this respect, he should have made a specific objection thereto for that reason. By calling the court's attention to the alleged

defect in the instruction by a specific objection, it would no doubt have corrected it so that such element of fraud, if not definitely conveyed on account of ambiguity, would have been more certainly set out. But, instead of doing this, the appellant asked and obtained an instruction which was virtually the same as instruction No. 1 given on request of appellee. The rule is well settled that when a cause is tried in the lower court upon a definite theory, it can not for the first time be contended in this court that it should have been tried upon a different one.

The appellant complains also of certain testimony adduced upon the trial, and some which was excluded. We have carefully examined this, and find that the rulings made by the court thereon could not have been prejudicial to appellant, even if error was committed therein by the lower court. We do not deem these matters of sufficient importance to set same out in detail.

Upon an examination of the entire record, we find that no prejudicial error was committed in the trial of this case, and the judgment is accordingly affirmed.