### STEWART *v.* FLEMING.

#### Opinion delivered September 30, 1912.

CONTRACT—EXECUTION UNDER MISTAKE.—One who signed a written con-
  tract prepared by another, after having an opportunity to examine
  it, will not be heard to say that when he signed it he did not know
  what it contained if he was not misled by any misrepresentation or
  conduct of the other party.

Appeal from Lafayette Circuit Court; *Jacob M. Carter,*
Judge; affirmed.

*Powell & Taylor,* for appellant.

The court erred in refusing to allow defendant to prove
the false representations of plaintiff's attorney and agent and
in instructing a verdict for plaintiff. It is not necessary that
the fraudulent representations be made by word of mouth.
It may be by language written, by conduct or external acts,
when through this means it is intended to convey the im-
pression or to produce the conviction that some fact exists
and such result is the natural consequence of the acts. Pom.
Eq. Jur. § 877; 10 Mich. 310; 88 Mo. App. 215.

*Henry Moore* and *Henry Moore, Jr.,* for appellee.

1. There is no evidence that defendant was misled by
any representations of plaintiff's agent. The law is elemen-
tary. 31 Ark. 170; 11 Ark. 58; 19 *Id.* 522; 26 *Id.* 28; 83 Fed.
437; 84 Ark. 349.

2. Oral testimony is not allowable to vary the terms
of a written contract. 4 Ark. 179; 5 *Id.* 651; 88 *Id.* 213; 94
*Id.* 130; 95 *Id.* 131; 96 *Id.* 405.

KIRBY, J. This is the second appeal of this case, which
is sufficiently stated in the opinion on the former appeal,
reported in 96 Ark., at page 371.

The judgment was reversed for the error of the lower court in striking out of the answer the allegations that defendant was induced to sign the contract sued upon by false representations of the plaintiff's attorney to the effect that the written contract contained the same terms as the former lease, except as to the amount of the rent, which it was held and alleged was a good defense.

Upon the trial anew, after hearing the testimony, the court directed a verdict for appellee, and from the judgment this appeal comes.

It is contended that the court erred in refusing to allow the introduction of certain testimony relative to conversations between appellant and appellee's attorney and in directing the verdict.

It is undisputed that the lease sued upon was executed by appellant, and he stated in his testimony that he had talked with the attorney for appellee relative to the execution of a new lease and the terms thereof once or twice, but that finally he went to the World's Fair, at St. Louis, and from there down to Columbia, Missouri, to see Mrs. Fleming, the appellee. That, on the first evening when he called and stated his business, she requested him to call the next day, being engaged in the entertainment of some of her friends, but said that she had been advised that she ought to have at least twelve hundred dollars rent.

After seeing her, he returned home, without stopping at Texarkana to see Mr. Moore, her agent, and in a few days thereafter received through the mail copies of the lease to be signed with a letter from Mr. Moore, stating that the contract of lease between Mrs. Fleming and himself was enclosed. That he relied on the conversations he had had with Mr. Moore, the agent, some time previous to seeing Mrs. Fleming, relative to the contents of the lease, and did not compare the new with the old one, "just read the outline, the amounts, dates, etc., did not read it in full and relied wholly on Mr. Moore drawing that one just as the other one."

The court did not permit him to state the conversation had with the agent some six weeks before the execution of the lease in which he claimed it was agreed that the new lease should be drawn as the old, except as to the amount of rent,

and that he relied upon the statements of said agent as to the contents of the lease and signed the new one without any notice or knowledge of the fact of its provisions requiring him to pay the taxes as in the other lease and in addition "other legal assessments against the lands," which action is relied upon for reversal.

The lease executed is materially different from the old lease in some other respects and fixes the amount of rent at one thousand dollars, and, according to appellant's statement, Mrs. Fleming, the lessor, when he first mentioned the matter to her stated she had been advised she should receive twelve hundred dollars. The attorney who drew the lease was not afterwards seen by appellant, according to his own statement, and evidently received his information as to what it should contain from Mrs. Fleming, after the terms had been agreed upon between her and appellant. Certainly, appellant could not rely upon any statement made by an agent during the negotiations for the lease, the terms of which were afterwards agreed upon between himself and the principal, and claim that he was induced by fraudulent representations to execute a lease that he did not agree to make, when no statement of the contents of the lease accompanied the draft of it sent for his signature, but only a statement that the contract was inclosed for execution; and the court did not err in excluding such testimony.

"Representations, to be fraudulent in law, must be material to the contract or transaction which is to be avoided 'and must be made by one who either knows them to be false, or else, not knowing, asserts them to be true, and made with the intent to have the other party act upon them to his injury, and such must be their effect.'" *Bank of Monette* v. *Hale*, 104 Ark. 388; *Evatt* v. *Hudson*, 97 Ark. 268; *Jarrett* v. *Langston*, 99 Ark. 438; *Brown* v. *LeMay*, 101 Ark. 95.

The undisputed testimony shows that no representations whatever as to the contents of the lease accompanied it when it was sent for appellant's signature, and that he agreed upon its terms with appellee long after he claims to have discussed the matter with her attorney, who afterwards drew it, evidently upon information furnished by appellee, and forwarded it by mail for appellant's examination and signature, with only the

statement that the contract of lease was inclosed. There was no misrepresentation as to any matter of inducement to the making of the lease, which, from the relative position of the parties and their means of information, the one could be presumed to contract upon the faith and trust which he reposed in the representation of the agent of the other on account of his superior information and knowledge with respect to the subject of the contract, nor were any fraudulent representations made holding out inducements calculated to mislead the lessee and induce him to execute the lease on the faith and confidence of such representations made and, having signed it after opportunity to examine it, he will not be heard to say when he signed it that he did not know what it contained. *Colonial & U. S. Mortgage Co.* v. *Jeter,* 71 Ark. 185; *Mitchell Mfg. Co.* v. *Kempner,* 84 Ark. 349; *Yates* v. *Pryor,* 11 Ark. 58; *Grider* v. *Clopton,* 27 Ark. 244; *Hamilton* v. *Ford,* 46 Ark. 245; *Upton* v. *Tribilcock,* 91 U. S. 50; *Chicago, etc. Ry.* v. *Belli,* 83 Fed. 437, 28 C. C. A. 358.

There was no conflict in the testimony, and no question for the jury to decide, and the court did not err in directing the verdict.

The judgment is affirmed.