LADD & COMPANY *v.* BANKSTON.

Opinion delivered January 3, 1916.

VENDOR AND PURCHASER—MISDESCRIPTION IN DEED—ABATEMENT OF PUR-
CHASE PRICE.—The vendor of land improperly described more land
in his deed to the purchaser than he intended to convey; *held,*
under the evidence that the deed should be corrected, but that
the purchaser was not entitled to any abatement of the purchase
price.

Appeal from Desha Chancery Court; *Z. T. Wood,* Chancellor; reversed.

*A. J. Johnson* and *E. W. Brockman,* for appellants.

1. The chancellor's finding of fact was not supported by a preponderance of the evidence on the question of the amount of land purchased by appellees. Trials in chancery appeals are *de novo* in this court; the finding of the chancellor is only persuasive. 41 Ark. 292; 42 *Id.* 521; 43 *Id.* 307; 55 *Id.* 112; 75 *Id.* 72; 77 *Id.* 216; 92 *Id.* 359.

2. Before a vendee can seek a reduction of the purchase price on account of shortage in area of land, it must appear that the vendor made false and fraudulent representations concerning the area, which were relied on by the vendee and induced him to act to his injury. 71 Ark. 91; 100 *Id.* 28; 101 *Id.* 95; 47 *Id.* 148.

*F. M. Rogers,* for appellees.

1. When a misrepresentation is made as to the quantity, though innocently, the right of the purchaser is to have what the vendor can give, with abatement of the purchase money for the deficit; and such abatement ought to be in proportion to the price given for the whole tract as represented, without any other evidence of the value of the land. 19 Ark. 102.

KIRBY, J.  Appellant brought this suit to correct the description of a lot in a certain deed of conveyance thereof on account of mistake, and for the balance of the purchase money due.

The correct description was alleged to be the "north 119 feet of the west half of lot 1, block 5, of the town of Walnut Lake, and by mistake of the draftsman, the deed as made conveyed the north 119 feet of the whole of lot 1, block 5, instead of the north 119 feet of the west half thereof, as was intended and understood by both the parties thereto as the proper description of the land conveyed."

The court decreed the correction of the deed in accordance with the allegations of the complaint, but also an abatement of the purchase price for a quantity of land held presumed to have been included in the description of the land sold, and from this decree appellant appealed.

The undisputed testimony shows that appellants owned the whole of the west half of lot 1, block 5, of the town of Walnut Lake, having purchased same from R. A. Pickens & Son; that before the date of sale to appellees, they conveyed the south 106 feet of the west half of lot 1, block 5, to R. S. Stovall and later sold the north 119 feet of the west half of lot 1, block 5, to appellees.

Isaac Bankston, one of the appellees, a surveyor, and had lived on the land conveyed as a tenant some time before the purchase thereof.  The option deed from appellants to appellees contained the following paragraph: "All that part of the west half of lot 1, in block 5, in the town of Walnut Lake according to W. B. Dumas' survey, which is of record in the clerk's office of Desha County, Arkansas, not sold to R. S. Stovall and wife."

Bankston's letter of September 20, 1913, sending bond for title to be executed by appellants, contained the following paragraph:  "Lot 1, block 5, of the town of Walnut Lake, is 225 feet north and south.  You deeded to R. S. Stovall and wife the south 106 feet off of the west half that leaves 119 feet on the west half that you still own and set out in title bond sent you."

No representations whatever were shown to have been made by appellants during the negotiations nor at the time of the sale of the land, but appellee testified that some time before his purchase of the land, when he was a tenant of appellants, that E. P. Ladd, one of them, had told him that they owned the land included in the inclosure, which, in fact contained more area than the description, as corrected by the chancellor's order. There was no warranty of quantity contained in the conveyance, and there is no sufficient proof to sustain the chancellor's finding of misrepresentations made amounting to a fraud in relation to the quantity of land sold, and as an inducement to the purchaser to buy.

Under the doctrine announced in *Neely* v. *Rembert,* 71 Ark. 91; *Polack* v. *Steinke,* 100 Ark. 28; *Brown* v. *LeMay,* 101 Ark. 95, there was no such showing made herein as entitled appellee to an abatement of the purchase price for land not contained in the description, nor is the opinion relied upon by appellee in *Harrell* v. *Hill,* 19 Ark. 102, in conflict with the doctrine of these cases.

Appellee is a surveyor, knew the quantity of land owned by appellants in the block, knew what portion thereof had been sold to Stovall and sent a correct description of the remainder of the block owned by appellants to be included in the option deed or bond for title from appellants to him upon the completion of his purchase. He could not, therefore, have been misled to his prejudice, about the quantity of land purchased, and if such was the fact, there was no testimony showing any knowledge of appellees that the tract of land sold contained any less quantity than that intended to be purchased from and conveyed by them.

It follows that the chancellor erred in decreeing an abatement in the purchase price of the land, and that portion of the decree is reversed and the cause remanded with directions to enter a decree for the balance of the purchase money due thereon and the enforcement of the vendor's lien for its payment.