BROWN *v.* MCGEHEE.

Opinion delivered December 9, 1918.

1. SALES—REPRESENTATIONS OF SELLER—EVIDENCE.—In a suit on a note for the purchase of an automobile, preponderance of evidence *held* to show that the seller induced the purchaser to buy the automobile on false representations as to its condition.

2. SALES—REPRESENTATIONS OF SELLER—LIABILITY.—Where the purchaser of an automobile had no knowledge of cars and so informed the seller, the seller was bound by his assertion that the car was in good condition and fit for the livery business, whether he knew it was worthless or not.

Appeal from Crawford Chancery Court; *W. A. Falconer,* Chancellor; reversed.

*J. E. London,* for appellants.

1. The car was worthless. False representations were made and they were material. Appellee knew they were false. Appellants relied on these representations. The rule of *caveat emptor* does not apply here. The vendor knew the purpose for which the car was purchased and a fraud was committed. The false representations were a warranty. 38 Ark. 334; 60 *Id.* 387; 47 *Id.* 148.

2. The evidence is not sufficient to sustain the finding. 92 Ark. 359; 93 *Id.* 277; 89 *Id.* 309; 91 *Id.* 59, 149; 101 *Id.* 368; 103 *Id.* 437; 78 *Id.* 275; 86 *Id.* 212; 90 *Id.*

40; 140 *Id.* 9; 97 *Id.* 537. See also 81 Ark. 68; 91 *Id.* 549; 101 *Id.* 298; 79 *Id.* 581; 96 *Id.* 171. The findings should be set aside. 102 Ark. 383.

*Starbird & Starbird,* for appellee.

1. The evidence fails to prove false representations and bad faith. Mere commendation or puffing is not sufficient: 1 Ark. 31.

2. The evidence shows no deceit or fraud. Appellants knew the car and were familiar with it. It was a good car, fit for the business, but appellants let it run down, neglected it and improperly used it. The evidence sustains the findings of the chancellor.

HUMPHREYS, J. Appellee instituted suit in the Crawford Chancery Court on November 27, 1917, against appellants, to recover judgment on a note for $600 and interest, executed by them on May 6, 1916, for the purchase price of an automobile; to foreclose a mortgage given on a lot in the town of Alma, Arkansas, to secure payment of the note; and to enforce a vendor's lien on the automobile for any balance due after subjecting the lot to the payment of the debt.

Appellants filed answer and cross bill in which they admitted the purchase of the automobile and the execution of the note and mortgage; but set up as a defense thereto and for affirmative relief thereon, that the note and mortgage were obtained by appellee through the fraudulent misrepresentation of the condition of the automobile sold to them and the purposes for which it could be used.

The cause was heard upon the pleadings and evidence, upon which a judgment was rendered against appellants for $600 with interest thereon at the rate of ten per cent. per annum from the 6th day of May, 1916; a lien was declared upon the lot and automobile and a sale thereof ordered to satisfy the judgment. From this decree and order of sale, an appeal has been prosecuted, and is now before us for trial *de novo*.

The testimony, in substance, was as follows: Walter Brown, one of the appellants, testified that the appellee approached him in the spring of 1916 and offered to sell an automobile to him for the purpose of hauling freight and passengers; that appellant did not know anything about an automobile and so informed appellee; that appellee then informed him that the car was all right and just what he needed in his business; that he had confidence in appellee and bought the automobile upon appellee's representation that it was all right and fitted for use as a service car; that he began to use the car and had trouble with it almost every time he took it out; that he was careful in the use of it and did not overload it; that it was a six passenger car and he never hauled over six men in it at a time; that the expense of keeping up repairs on it was more than the profit derived from its use; that it was nothing but a pile of junk and that he finally had to put it in the barn and quit using it; that as soon as he discovered it was of no value, he informed appellee, whereupon appellee offered him $100 for the car.

Mrs. Frances J. Brown, one of the appellants, testified that her husband, who was engaged in a livery business, died suddenly; that she and her sons continued the business; that she was informed by one of her sons that it was necessary to buy an automobile to compete with the other liverymen, and that appellee would sell them a good automobile on time; that she then signed the note and mortgage with her sons; that the car was not worth anything; that it cost more to keep it in repair than they took in on it; that it was an expense from the first day; that the car is standing in the stable and won't run at all; that had she known it was worn out she would not have signed the note and mortgage.

W. A. Tackett, automobile mechanic of long experience and employed in a service garage, testified that he attempted to repair the radiator which was leaking in October, 1916, but was never able to repair it; that the car was worn out and run down generally; that he was

never able to repair it so that it would make a successful trip; that the car had to be repaired practically every time it was taken out; that he himself attempted to make three different trips with it and that it broke down each time on good roads or streets; that the gearing was worn so that in taking up the lost motion after coasting down a hill one was liable to wrench an axle, regardless of whether the axle was new or old; that the car was not in condition at any time after he became acquainted with it to be used as a service car; that the car was practically worthless for a livery business because it was an expense rather than a profit.

Jesse Spelce testified that he was acquainted with the car before and after the sale; that it was in their garage, both before and after the sale, for repairs; that after it was sold to Walter Brown it broke down and was brought to the garage for repair.

Harley Early testified that he drove the car several times when each party owned it; that the axle broke once, and he had trouble with it another time; that, so far as he knew, the car was all right when appellee owned it.

Bert Dukes testified that he was acquainted with the car appellee sold to appellants; that he worked on it soon after it was sold to appellants by appellee; that he thought the car broke down on account of being overloaded; that he saw it go by the shop on one occasion with nine parties in it; and that he thought the car was all right when Walter Brown bought it. Ed Dukes testified that he fixed the car twice for Walter Brown after he purchased it; that he thought Walter did not know how to run it and on that account got it out of fix.

We think it established by the weight of the evidence, from the record thus summarized, that appellee induced appellants to buy the automobile upon the representation that it was in good condition and fitted for service as a passenger and freight car; that the car was worthless for a service business at the time the sale was induced. According to the testimony of appellants and

other witnesses, the car had been worn out at the time
of the sale so that it could not be repaired for service.
The fact that appellee offered appellants $100 for the
car when appellants discovered its true condition is a
strong circumstance tending to show that it was an old
piece of junk at the time the sale was induced. At the
date of trial, appellee advanced the theory that the car
had been rendered worthless by the careless, reckless
use and driving of Walter Brown and those permitted
to use it. It is noticeable that appellee himself refrained
from testifying. The testimony of Ed and Bert Dukes
was to the effect that they repaired the car several times
for Walter Brown and the trouble was caused, in their
opinion, from a lack of knowledge in the use of it and by
overloading it. Outside of seeing nine men in the car on
one occasion, which was disputed by Arthur Brown, the
evidence of the Dukes as to what caused the injury rested
on opinion only. We do not think the evidence of Ed
and Bert Dukes is sufficient to either overcome or equalize
the evidence of appellants and other witnesses which was
to the effect that the car was in bad condition and un-
fitted for a service car at the time appellee induced the
sale by representing that the car was in good condition
and the very car needed for the livery business. The
representation made was material to the contract and
induced the sale. Appellee asserted as a fact that the
car was in good condition and fitted for use as a service
car. Appellant, Arthur Brown, had no knowledge of
cars and so informed appellee. Under these circum-
stances, appellant had a right to rely upon the represen-
tation made concerning the condition of and the use to
which the car might be put, and appellee was therefore
bound by his assertion that it was in good condition and
fitted for the livery business, irrespective of whether he
himself knew that it was worn out and worthless. *Evatt*
v. *Hudson,* 97 Ark. 268; *Jarratt* v. *Langston,* 99 Ark. 438;
*Brown* v. *LeMay,* 101 Ark. 95; *Bank of Monette* v. *Hale,*
104 Ark. 388; *Stewart* v. *Fleming,* 105 Ark. 37.

Appellants offered to return the car and prayed for a return of the note and cancellation of the mortgage and for damages resulting to their business on account of the worthless condition of the car. The loss of profits to the business on account of the worthless condition of the car is not certainly and definitely established by the evidence. Appellants could have prevented damage to their business by the purchase of another car, and no good reason is assigned or shown as to why they did not buy another car, if their livery business required car service. The chancellor should have decreed a return and cancellation of the note and mortgage upon the delivery of the automobile which was tendered by appellants.

For the error indicated, the cause is reversed with direction to enter a decree in favor of appellants in accordance with this opinion.