## Cox *v.* Fisher.

### Opinion delivered November 22, 1920.

LANDLORD AND TENANT—QUANTITY OF LAND—USE OF "APPROXIMATELY."
—In a lease of the cleared land in three sections, "approximately 650 acres," the use of the word "approximately" implies that the acreage has been estimated, and is merely descriptive of the property conveyed, and not a covenant as to quantity; but its use will not prevent the courts from granting relief if the difference is acreage is so great as to amount to a gross mistake, where the contract of conveyance was procured by misrepresentation, fraud or deceit.

Appeal from Mississippi Circuit Court, Osceola District; *R. H. Dudley,* Judge; affirmed.

*W. J. Driver,* for appellants.

1.   The representation of the acreage in the written contract was in material excess of the actual acreage and was binding on the lessor and assignor; and,

2.   The court erred in directing a verdict for defendants. 19 Ark. 102; 61 *Id.* 120; 100 *Id.* 280; 101 *Id.* 95; 24 Cyc. 918; 43 Ark. 462; 95 *Id.* 150; 100 *Id.* 280; 147 Mass. 403. When the testimony is all considered, no real issue of fact is involved, but the case turns on the recital of acreage in the contract, which is conceded to be an amount in material excess of the actual acreage, and, as a matter of law, a verdict should have been directed for appellants.

*J. T. Coston,* for appellees.

1.   The words of the contract between Fisher and Equinn, "approximately 650 acres of cleared land," do not constitute a covenant that there were 650 acres of cleared lands, and therefore defendants were not liable.

2.   But, if they do, it is not a covenant that runs with the land, and Fisher, plaintiffs' remote lessor, is not liable to the plaintiffs. Nor is Equinn liable, because his contract with plaintiffs contains no such language, but he merely quitclaimed "all his right, title and interest" under his contract with Fisher.

3.   Defendants are not liable further, for the reason that Equinn told plaintiffs that the acreage was not guaranteed to him and that he would not guarantee the acreage to them, and they had *no right to rely* on the recital in the contract between Fisher and Equinn. To entitle one to recover for fraud, one must not only have *relied* on a false representation, but must have had the right to rely upon it. The cases cited for appellant are not in point, because it is not shown that any representations were made to plaintiffs by either Fisher or Equinn. On the contrary, the uncontradicted evidence shows that Equinn, who dealt with plaintiffs, absolutely

refused to make any representations as to the acreage. The contract was for a lump sum. At no time was it leased for so much per acre. The acreage was not warranted. 141 S. W. 671. There was no warranty as to quantity. 129 S. W. 788. These two cases ought to end this suit. 95 Ark. 133. The covenant did not run with the land. 2 Devlin on Real Estate, 1761-2; 130 S. W. 557-8.

4. Equinn only quitclaimed to plaintiffs, and was not liable. 59 Ark. 303. The recital of acreage was not a warranty, and plaintiffs did not rely on it, nor had they a right to do so. 47 Ark. 165; 30 *Id.* 373; 65 *Id.* 940.

SMITH, J. On September 22, 1917, Fisher and Equinn entered into a written contract, whereby Fisher leased to Equinn a certain farm for an annual rental of eight thousand dollars for a period of three years, dependent, in a measure, on the price of middling cotton at Memphis, Tennessee. The leased lands were described as follows: "All of the cleared land owned by party of the first part on the following sections, towit: Sections 29, 32 and 33, all in township 13 north, range 12 east, approximately 650 acres of cleared land."

Thereafter Equinn assigned the lease to Cox and Turnage. After taking possession of the land, Cox and Turnage caused it to be surveyed, and the survey disclosed there were only 578.26 acres of cleared land. Cox and Turnage then sued Equinn as immediate lessor and Fisher as remote lessor for misrepresenting the quantity of land embraced in the lease contract. It is not claimed that either Fisher or Equinn made any oral representation as to the quantity of land in cultivation. Upon the contrary, the undisputed testimony shows that during the negotiations leading up to the assignment of the lease Equinn was asked to guarantee the acreage, and, if he would guarantee the acreage, and answered that he would not guarantee anything; and it is not contended that he made any representation in regard to the acreage. There is no circumstance in the case to make an issue of fraud or deception. The cause of action is based

solely on the recital in the lease that there were approximately 650 acres of cleared land, when in truth and in fact there were only 578.26. A verdict was directed for the defendants, and the plaintiffs have appealed.

The action of the court is defended upon several grounds: (a) that the words in the contract do not constitute a covenant; (b) that, if there was a covenant, it was not one running with the land; (c) that in the assignment Equinn quit-claimed to the plaintiffs only "all his right, title or interest" under his contract with Fisher; and (d) that there was no fraud or misrepresentation, as Equinn made no representation and declined to give any guaranty.

In the early case of *Harold* v. *Hill,* 19 Ark. 103, this court said that the words, "more or less," when employed in a deed conveying lands, are descriptive of the premises to be conveyed, rather than a covenant as to quantity; yet, if there was misrepresentation, or fraud, or deceit, as to the acreage to be conveyed, their employment would not prevent courts from granting relief, if the difference in acreage was so considerable as to amount to gross mistake.

The words, "more or less," or the word, "approximately," employed in the instant case, or other words of similar import, imply that the acreage has been estimated and are merely descriptive of the property conveyed, and no covenant as to quantity exists because of their use, but their use will not prevent courts from granting relief, if the difference in acreage is so great as to amount to gross mistake, where the contract of conveyance was procured by misrepresentation, fraud or deceit.

In the case of *Solmson* v. *Deese,* 142 Ark. 189, the grantor did not know that the representation as to acreage was false. Yet we said it was not essential that that fact be shown, as the difference between the acreage stated in the deed and the actual acreage was so great as to constitute gross mistake; but the grantor there had in fact made representations as to acreage.

Counsel for appellants cite the cases of *Harold* v. *Hill, supra; Drake* v. *Eubanks,* 61 Ark. 120; *Pollock* v. *Steinke,* 100 Ark. 228; *Brown* v. *Lemay,* 101 Ark. 95, as authority for an action for false representation, even though words of approximation or estimate were employed in the deed. To these might be added the cases of *Joseph* v. *Baker,* 95 Ark. 150; *Solmson* v. *Deese, supra; Neely* v. *Rembert,* 71 Ark. 91; *Carroll* v. *Jacks,* 43 Ark. 462; *Haynes* v. *Harper,* 25 Ark. 541; and perhaps others. But in all those cases there was the contention that a representation in regard to acreage had been made which proved to be false. Here there was, not only no representation, but an express refusal to make representation. The lease contract must, therefore, be construed as one not by the acre, but in gross, in which the assignees, or sub-tenants, took only the actual acreage, whether much or little, without recourse on either the landlord or the immediate tenant—their assignor. *Brown* v. *Lemay, supra; Ryan* v. *Batchelor,* 95 Ark. 375.

As what we have just said disposes of the case, it is unnecessary to consider the other propositions upon which counsel for appellees seek to uphold the judgment.

Judgment affirmed.