W. A. HARRIS and Vanita HARRIS *v.*
Thomas G. MILLOWAY and Rose M. MILLOWAY

CA 83-12                                      660 S.W.2d 174

Court of Appeals of Arkansas
Division I
Opinion delivered November 9, 1983

*H. David Blair,* for appellants.

*John A. Crain,* for appellees.

JAMES R. COOPER, Judge. This litigation arises out of a sale by the appellants to the appellees of certain real estate located in Fulton County, Arkansas. In 1979, the appellants contracted to sell a tract of land to the appellees, which was referred to by legal description as "70 acres more or less." After the sale, the appellees had the land surveyed, and it showed the actual acreage to be only 55.20 acres. A later survey by the appellants showed the acreage to be 56.77 acres. The appellees filed suit, seeking rescission of the contract, or, in the alternative, an abatement of the purchase price based on the reduced acreage in the tract.

The chancellor specifically found the sale to have been in gross and that there was no fraud on the part of the appellants. The chancellor further determined that the difference in the acreage actually conveyed constituted a gross mistake and that the sale would not have been completed for the agreed upon price had the parties been aware of the true acreage contained in the tract. Consequently, the chancellor granted relief to the appellees by giving the appellants the option of rescinding the original contract and refunding to the appellees their purchase money or, in the alternative, abating the purchase price to reflect the number of acres actually conveyed. In the event the appellants failed to exercise one of these options, the appellees were to select their relief from the two options. From that decision, comes this appeal.

The appellants argue that the trial court erred in holding an acreage deficiency of less than twenty percent in a sale in gross to be a gross mistake justifying abatement of the purchase price. To support their argument, the appellants cite a number of Arkansas cases wherein the deficiency in acreage was approximately the same as in the present case and where the trial court declined to abate the purchase price due to the deficiency.

In *Ryan* v. *Batchelor*, 95 Ark. 375, 129 S.W. 787 (1910), the appellee sold the appellant real estate which was described on the deed as consisting of "70 acres, more or less". Several years later the purchasers had the land surveyed and discovered there were only 57.23 acres in the tract. The trial court ruled in favor of the seller and refused to abate the purchase price. The court discussed several factors which influenced its decision. Among these were the fact the purchaser had seen the land many times before the sale, knew it had not been surveyed and even agreed to have it surveyed himself prior to the transaction. Also, the court mentioned the fact the seller's agent never represented the tract to contain 70 acres. The only reference to the 70 acres was in the description on the deed.

The court in *Ryan* stated the general principle upon which relief will be granted in sale in gross cases as follows:

> When the vendor conveys for a specified price a tract of land which is described by metes and bounds or otherwise, with the words added containing a specified number of acres more or less, this upon the face of the contract is a contract not by the acre but in gross, and does not by implication warrant the quantity. In such event, should there be a deficiency in the quantity, the right to relief for such deficiency is founded upon fraud, misrepresentation or gross mistake. I Sugden on Vendors, p. 490; 3 Washburn on Real Property, § 2322; *Harrell* v. *Hill,* 19 Ark. 103; *Goodwin* v. *Robinson,* 30 Ark. 535; *Neely* v. *Rembert,* 71 Ark. 91; *Joseph* v. *Baker,* ante p. 150.

The court went on to determine that the purchaser was not relying on representations made by the seller as to the quantity of land but rather had intended to ascertain for himself the quantity of land by having a survey made. Upon these facts, relief was denied.

In *Gilbertson* v. *Clark,* 175 Ark. 1118, 1 S.W.2d 823 (1928), relief was again denied to a purchaser who had bought a lease to a tract of oil producing land and had received 52.12 acres rather than the 71 acres "more or less" as stated in the legal description in the deed. The trial court stated, "It is true that the price was considerable, but, when the attending circumstances are considered, it is evident that the quantity of acres was not the controlling factor in the premises."

Both *Ryan, supra* and *Gilbertson, supra* were cases where the trial court based its decision on the lack of fraudulent misrepresentation rather than gross mistake. In *Ryan* there was good reason for the purchaser to suspect the exact quantity of land was unknown to the seller's agent. Further, the purchaser assumed the responsibility to have the land surveyed, and then failed to do so until several years later. These factors clearly influenced the trial court's decision. In *Gilbertson* the trial court specifically found that the purchaser received what he actually sought in the purchase, that is, the producing oil wells on the tract, and the total number of acres was found not to be important in

the transaction. The Arkansas Supreme Court, in both these cases, affirmed the trial court's findings of fact.

In the case at bar, the chancellor specifically found that the appellees, who were residents of California, had never been on the land prior to the day they purchased it, that the appellees were relying on the appellant's representations that the tract contained 70 acres and, finally, that, had the shortage in acreage been known, the parties would not have contracted for the sale at the agreed upon price.

In *Carter v. Finch,* 186 Ark. 954, 57 S.W.2d 408 (1933), the trial court abated the purchase price on a finding that the difference in the amount of land described and that actually conveyed constituted a gross mistake. The court, in discussing the meaning of the words "more or less" following the described number of acres stated:

> ... in a deed conveying a certain number of acres "more or less," the words "more or less" are precautionary, and are intended to cover slight or unimportant inaccuracies, but do not weaken or destroy the indications of quantity, when no other guide is furnished. Slight discrepancies may be ignored when there is no express warranty as to quantity.

In *Glover v. Bullard,* 170 Ark. 58, 278 S.W.2d 645 (1926), the court stated the general rule in cases when a sale in gross is challenged as involving a gross mistake as follows:

> The general rule on this question is clearly stated in *Weart v. Rose,* 16 N.J. Eq. 290. It is there said that the general rule as laid down by Chancellor Kent is that where it appears by definite boundaries, or by words of qualification, as "more or less," or as "containing by estimation," or the like, that the statement of the quantity of acres in the deed is a mere matter of description, and not of the essence of the contract, the buyer takes the risk of the quantity, if there be no intermixture of fraud in the case.
> On the other hand, where the sale is by the acre, and the statement of the quantity of acres is of the

essence of the contract, the purchaser, in case of a deficiency, is entitled in equity to a corresponding deduction from the price.

There is a further qualification of the general rule recognized in that case and by our own decisions as to the effect that, where the difference between the actual and the estimated quantity of acres of land sold in gross is so great as to warrant the conclusion that the parties would not have contracted had the truth been known, in such case the party injured is entitled to relief in equity on the ground of gross mistake.

As sustaining these principles of law, in addition to the case above cited, see *Harrell* v. *Hill,* 19 Ark. 103; *Haynes* v. *Harper,* 25 Ark. 541; *Drake* v. *Eubanks,* 61 Ark. 120; and *Solmson* v. *Deese,* 142 Ark. 189.

Gross mistake is where the difference between the actual and the estimated quantity of land represented is so great as to clearly warrant the conclusion that the parties would not have contracted, had they known the truth. *Melick* v. *Dayton,* 34 N.J. Eq. 245.

After reviewing the record, the excellent briefs submitted by both counsel, and our prior cases, we must affirm. In chancery cases, we review the record *de novo,* but we will not reverse the chancellor unless his factual findings are clearly erroneous or against the preponderance of the evidence. ARCP Rule 52 (a); *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W.2d 404 (1981); *Hackworth* v. *First National Bank of Crossett,* 265 Ark. 668, 580 S.W.2d 465 (1979). We cannot conclude that the chancellor was wrong in finding that the parties would not have contracted for the sale and purchase of the tract for the price of $50,000.00, had they known of the shortage in the acreage. Accordingly, the decree appealed from is affirmed.

The chancellor offered the appellants two methods of affording equitable relief to the appellees. The decree provides that a) the contract may be rescinded with all sums paid by the appellees being returned to them, and all matters being held by the escrow agent being returned to the appellants, or b) the appellees being given credit for $9,450.00 on the end of the contract plus 9% interest from

May 29, 1979, to the date credit is given. The appellants were granted thirty days from the date of the final decree to make their election, and if they failed to do so, the appellees were to have the opportunity to choose their relief from the two choices given.

The appellants are hereby granted thirty (30) days from the date the mandate issues in which to exercise their option, on the same terms as outlined in the chancellor's decree. Should they fail to do so, the appellees may proceed to select their relief, as per the chancellor's decree.

Affirmed.

MAYFIELD and CORBIN, JJ., agree.