Edmond R. BURK and Lou Ann Burk *v.*
Robert HEFLEY and Joanne Hefley, Husband and Wife
and Thomas D. Hankins and Jimmie L. Hankins

CA 90-71 798 S.W.2d 109

Court of Appeals of Arkansas
Division I
Opinion delivered October 31, 1990

*Peel and Eddy*, by: *David L. Eddy*, for appellants.

*Karen B. Walker*, for appellees Robert and Joanne Hefley.

JOHN E. JENNINGS, Judge. In April 1987, the appellants, Edmond and Lou Anne Burk, bought a house and acreage in Newton County from the appellees, Robert and Joanne Hefley for $75,000. The deed described the land as containing "19.65 acres, more or less." When the property was surveyed, the Burks found it actually contained only 12 acres. They filed this suit to abate the purchase price for gross mistake. The chancellor found for the Hefleys. On appeal, the Burks contend that his decision was clearly erroneous. We affirm.

 The applicable general rules are not in dispute. Where land is sold "in gross" or where the legal description is qualified by the words "more or less," the buyer takes the risk of the quantity, in the absence of fraud. *Glover* v. *Bullard*, 170 Ark. 58, 278 S.W.2d 645 (1926); *Harris* v. *Milloway*, 9 Ark. App. 350, 660 S.W.2d 174 (1983). But where the difference between the actual and estimated quantity is so great as to warrant the conclusion that the parties would not have contracted had the truth been known, the buyer is entitled to an abatement of the

purchase price. *See Williams* v. *Black Lumber Co.*, 275 Ark. 144, 628 S.W.2d 13 (1982); *Glover, supra.* Finally, the law does not look solely to the quantity of the shortage but also to all other relevant facts and circumstances. *Birch-Brook, Inc.* v. *Ragland,* 253 Ark. 161, 485 S.W.2d 225 (1972); *Hays,* v. *Hays,* 190 Ark. 751, 81 S.W.2d 926 (1935). ·

■ Appellants argue that a deficiency of almost 39% requires a conclusion that the parties "would not have contracted had the truth been known," and therefore there should be an abatement of the price. If we assume that this contention has merit, the chancellor's decision must still be affirmed because of an absence of proof of damages. In *Edwards* v. *Johnson,* 227 Ark. 345, 298 S.W.2d 336 (1957), the seller described the land as containing thirteen acres, although it actually contained only four. There was a house on the tract. In denying relief to the buyer the court said:

> [E]ven if it could be said that a cause of action has been shown to exist, the requisite proof of the appellants' loss is lacking. More is involved than a simple computation of the proportionate damage resulting from a deficiency of nine acres. The dwelling house upon this small parcel of ground unquestionably enhanced its value. There is nothing to indicate that the parties dealt in terms of a fixed price per acre without reference to the improvements. In these circumstances the purchaser's loss is equitably determined by first deducting the value of the improvements from the purchase price and then calculating the damage attributable to the shortage óf acreage. Sutherland on Damages (4th Ed.), §590; *Lichtenthaler* v. *Clow,* 109 Ore. 381, 220 P. 567 (1923).

The same rule was applied in *Karlich* v. *Copelin,* 265 Ark. 787, 280 S.W.2d 943 (1979), where the land was allegedly represented as six acres, but contained only 3.5 acres.

In the case at bar, the property the appellants bought included a house of some 3,000 square feet and a work shop. Mr. Burk testified that the house was "probably worth what he paid for it." He also testified that an appraisal he had obtained on the house valued it at $109,000.00 "in town." The appraisal apparently did not include the acreage.

136

■ In view of this evidence, we cannot say the chancellor's denial of relief was clearly wrong. A legal wrong without resulting damage will not support a compensatory judgment.

Affirmed.

WRIGHT, Acting C.J., and CRACRAFT, J., agree.