CONOWAY *v.* NEWMAN.

Opinion delivered July 12, 1909.

1. FRAUDULENT CONVEYANCE—MORTGAGE OF FIRM PROPERTY TO SECURE IN-
   DIVIDUAL DEBT.—An insolvent firm may mortgage their partnership
   property to secure individual, in preference to partnership debts.
   (Page 327.)

2. SAME—REPRESENTATION AS TO FUTURE EVENT.—A false statement upon
   which fraud may be predicated must be of existing facts or facts
   which previously existed, and cannot consist of mere promises as to
   future acts, although such promises are subsequently broken. (Page
   327.)

Appeal from Monroe Chancery Court; *John M. Elliott,*
Chancellor; affirmed.

*Thomas & Lee,* for appellants.

1. H. Greenwald is bound by the fraudulent representa-
tions of her agent in these negotiations. 5 Am. & Eng. Enc. of
L. 322. The test of the deceit and fraud in this case is the pre-
conceived intention of the agent to defraud. 47 Ark. 247. His
misrepresentations related to material facts in inducing the notes
and mortgage to be signed, and it is clear that Conoway and At-
kinson relied upon his representations being true. 31 Ark. 170;
30 Ark. 686; 11 Ark. 58; 26 Ark. 28; 19 Ark. 522. See also 20
Cyc. 44; 47 Ark. 148; 35 Md. 439; 149 Mass. 188; 81 Cal. 1;
118 Ind. 565; 114 Mich. 581; 58 N. Y. 262; 185 Pa. St. 83; 97
Ky. 713. These misrepresentations gave Newman an unfair
advantage over his partners, which cannot be allowed to stand.
63 Ark. 513.

2. The doctrine that "an insolvent firm may mortgage their
partnership property to secure individual, in preference to part-
nership, debts" should be overruled. That decision is admitted to
be contrary to the weight of authority. 54 Ark. 449; Bump on
Fraud. Conv. 389 and notes 2 and 3; *Id.* 229-30; 24 Ark. 16;
*Id.* 522; 31 Ark. 666; *Id.* 314; Bigelow, Fraud, 476-488.

*Manning & Emerson,* for H. Greenwald.

The chancellor's finding on the issue of fraud, a question of
fact, will not be disturbed unless clearly against the preponder-
ance of the evidence. 71 Ark. 605; 68 Ark. 314; *Id.* 134; 67
Ark. 200; 72 Ark. 67; 73 Ark. 489; 75 Ark. 52. Nor where the
testimony is evenly balanced. 77 Ark. 305. The burden of proof

is upon the party alleging fraud.   68 Ark. 449, 457; 77 Ark. 351.   It is wholly immaterial whether I. Greenwald made the representations attributed to him or not. Conoway could not have been deceived or imposed upon by them.   He and Atkinson must have understood that Newman would be bound for the difference between what the company owed him and the $3,000 owed to Mrs. Greenwald when the company paid it, whether he promised to pay it or not, or whether Greenwald said he would pay it or not.   Conoway had no money in the business, and there is no allegation of fraud upon him, but upon the rights of the partnership creditors.   As to Goldman & Company and other creditors, they had no rights at the time the notes and mortgage were executed; therefore no fraud as to them.   The case lacks two elements essential to maintaining an action of fraud, (1) fraudulent representation and (2) damages following same.

2.   That a firm may mortgage their property to secure individual debts of a member of the firm in preference to partnership debts is a rule of property in this State adopted even before the decision in *Reynolds* v. *Johnson,* 54 Ark. 449, which appellants ask to be overruled.   42 Ark. 423.   And this is in line with the doctrine laid down by the United States Supreme Court. 99 U. S. 119.   See also 85 Tenn. 712; 20 N. J. Ch. 13.   The distinction between the administration of property after it is taken into the custody of the court and the operation or management of property before it is taken into custody determines this issue in favor of appellee and of the doctrine adopted by this court. 160 Fed. 57, 63, 64, 66; 63 Kan. 288; 29 Wis. 363; 159 Mo. 213; 102 Tenn. 353; 1 Port. (Ala.) 232; 14 Colo. 174; 87 Ga. 223; 27 Am. St. Rep. 242; 147 Ill. 176; 119 Ind. 164; 64 Ia. 175; 31 Kan. 35; 2 Met. (Ky.) 356; 30 La. Ann. 1290; 47 Md. 277; 55 Mich. 64; 64 Miss. 141; 116 N. Y. 428.

HART, J.   This is an action in equity instituted in the Monroe Chancery Court by J. A. Conoway and Goldman & Company against the Newman Mill & Lumber Company, R. L. Newman, J. D. Atkinson and H. Greenwald.

Goldman & Company is a partnership, composed of J. D. Goldman, W. L. Jeffries and S. Bacharach.   The Newman Mill & Lumber Company is a partnership, composed of the plaintiff, J. A. Conoway, and the defendants R. L. Newman and J. D.

Atkinson. They were engaged in operating a sawmill in Monroe County, Arkansas, during the year 1907. Their assets consisted chiefly of the sawmill outfit complete and 21 head of oxen, wagons, etc. On the 30th day of September, 1907, the members comprising the firm of the Newman Mill & Lumber Company executed a mortgage on their partnership property in favor of H. Greenwald to secure an indebtedness of $3,000. The indebtedness secured was the individual debt of R. L. Newman, one of the partners. During the course of operating the mill, the Newman Mill & Lumber Company became indebted to various creditors, among whom was the plaintiff Goldman & Company. On the 18th day of December, 1907, Goldman & Company brought suit against them for the sum of $755.89 in the Monroe Circuit Court, and sued out a writ of attachment against their property.

The object of the present suit was to have the partnership of the Newman Mill & Lumber Company dissolved and its affairs wound up on account of insolvency; and to have the debt of Greenwald postponed until the partnership debts were settled. The appointment of a receiver was asked for, and J. B. Hogins was appointed receiver. He at once qualified, and took charge of the property and assets of the firm.

The complaint was filed December 30, 1907, and, in addition to the matters above set forth, alleged that the mortgage to Greenwald was procured by deceit and fraud.

Greenwald answered the complaint, and denied that he had procured the execution of the mortgage by deceit and fraud. He also denied that the debt secured thereby was the individual debt of Newman, but averred it to be the debt of the partnership. Newman and Atkinson, although duly summoned, failed to answer.

The chancellor found the issues in favor of the defendant Greenwald, and declared that his mortgage was a prior lien on the property embraced in it. A decree was therefore entered in his favor, in which the property was ordered sold and the proceeds applied, first, to the payment of his debt and interest and the remainder, if any, to the other creditors of the Newman Mill & Lumber Company. Judgment was also rendered in his favor for his debt of $3,000 and the accrued interest.

The plaintiffs have duly prosecuted an appeal to this court.

The Newman Mill & Lumber Company was insolvent at the time the mortgage to Greenwald was executed; but in the case of *Reynolds* v. *Johnson,* 54 Ark. 449, it was held that an insolvent firm may mortgage their partnership property to secure individual, in preference to partnership, debts. Counsel for plaintiffs urge us to overrule this case, and contend that it is against the weight of authority. The two lines of decisions were discussed in that opinion, and the rule above announced was deliberately adopted. It has been followed ever since by . this court. It has become a rule of property, and we decline to disturb it.

It is also contended by counsel for plaintiffs that the mortgage of the Newman Mill & Lumber Company to Greenwald was procured by deceit.

The testimony for the plaintiff shows that, when the firm of the Newman Mill & Lumber Company was formed, Newman put in $1,500; Atkinson put in $500; and Conoway, nothing; that the agreement between them was that Newman should be first paid back the amount paid in by him with interest, and then that Atkinson in like manner should receive back the amount paid in by him; that at the time the mortgage in question was executed the amount, principal and interest, owed to Newman was $1,600; that, to induce them to sign the mortgage, Greenwald told them that Newman would draw out of the firm if they did not execute the mortgage, but that if they did execute it he would advance the firm more money; that Newman had traded with Mrs. Greenwald for some hotel property, and the mortgage was in part payment of it; that Newman afterwards denied that he had authorized I. Greenwald, the husband and agent of H. Greenwald, to represent to plaintiff Conoway that he would advance the firm more money.

Greenwald denied that he made the statement about Newman making further advances to the Newman Mill & Lumber Company, or withdrawing from the firm if the mortgage was not executed. This was not a false statement upon which fraud may be predicated. Such fraud must be of existing facts, or facts which previously existed, and cannot consist of mere promises as to future acts, although such promises are subsequently broken. The facts adduced in evidence by plaintiffs could only establish a

breach of contract, but they do not sustain an action for fraud or deceit. The representations here complained of relate solely to promises as to matters in future. 20 Cyc. 20, and cases cited.

We find no prejudicial error in the record, and the decree will stand affirmed.