**Stanley GREENWOOD, a resident of the State of Arkansas, Plaintiff,**

**v.**

**Thomas H. DITTMER, a resident of the State of Illinois; and Refco, Inc. f/k/a Ray E. Friedman & Company, an Illinois Corporation, Defendants.**

**No. 82–5105.**

United States District Court, W.D. Arkansas, Fayetteville Division.

Oct. 17, 1984.

---

11. The Court notes that Mr. Bader has filed an appeal of virtually every Order this Court has issued in the course of this litigation.

Carl Behner and John Arens, Arens, Alexander & Barnes, Fayetteville, Ark., for plaintiff.

Elizabeth J. Robben, Friday, Eldredge & Clark, Little Rock, Ark., for defendants.

## ORDER

HENRY WOODS, District Judge.

This case comes before the Court on defendants' motion for judgment n.o.v. or in the alternative for a new trial. Motions for directed verdict were made by defendants at the close of plaintiff's case and again at the close of defendants' case, and the instant motion was timely filed pursuant to Fed.R.Civ.P. 50. Plaintiff Greenwood sued defendants Dittmer and REFCO, INC. for Commodity Exchange Act fraud, common law fraud, and breach of fiduciary relationship, allegedly arising out of a series of transactions between Greenwood and agents of Dittmer and REFCO, INC., at REFCO's Springdale, Arkansas, office. The count for breach of fiduciary relationship was dismissed at trial when it was proven that Greenwood had a non-discretionary trading account with REFCO, rather than a discretionary account as alleged in the Complaint. The case was submitted to the jury on the two counts of fraud, and on REFCO's counterclaim against Greenwood for a debit balance in Greenwood's account with REFCO. The jury returned a verdict in favor of Greenwood on all counts. Defendants contend that the evidence at trial was insufficient to support the verdict on any of the three

counts. This Court is in agreement with that contention insofar as it applied to the two fraud counts. An examination of the facts proven at trial and the law to be applied demonstrates that insufficiency.

The evidence at trial established that Greenwood traded a non-discretionary commodities futures account through Stephen Johns as agent of REFCO, INC., at REFCO's Springdale, Arkansas, office. The commodity involved in this lawsuit was feeder cattle. The evidence further established that although Thomas Dittmer, President of REFCO, was taking a long position in feeder cattle during the summer of 1979, both Johns and Robert Bone, the broker in charge of the Springdale office, were going short in feeders and were advising their clients to do likewise. Based on this advice, Greenwood assumed a short position in feeder cattle during the summer of 1979.

Although Greenwood had a non-discretionary account, on one occasion 28 short feeder cattle contracts were placed into his account, without his knowledge, in an attempt by the Springdale brokers to apportion among themselves and their clients an overly-large order for short feeder cattle contracts placed by Robert Bone. Greenwood was informed of this action on the same day it was taken, and he elected to retain the additional 28 contracts. Had the contracts been liquidated at the time they were placed in Greenwood's account, any losses sustained by him would have been minimal. Subsequent to placing the contracts, however, the price of feeder cattle rose, causing losses to speculators holding short feeder contracts. Eventually Greenwood's losses on the short feeder contracts exceeded his margin, and he was placed on "margin call" by REFCO. This meant that Greenwood was contractually obligated to deposit sufficient money into his trading account to cover the paper losses sustained to that point in the account. He failed to do so, and REFCO, pursuant to its contract with Greenwood, liquidated his account at a substantial loss. Greenwood then filed suit against REFCO and Dittmer, alleging that the actions of their agents had defrauded him of the sums lost in his account during the summer of 1979. It is admitted that Johns was the agent of REFCO, Inc., but there was no evidence that Johns, Bone, or any other broker in the Springdale office was the agent of Dittmer.

Under the Commodity Exchange Act, it is unlawful for a member of a contract market or his agent, in connection with the making of a contract of sale of any commodity:

(A) to cheat or defraud or attempt to cheat or defraud [another] person;

(B) willfully to make or cause to be made to such other person any false report or statement thereof, or willfully to enter or cause to be entered for such person any false record thereof;

(C) willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any such order or contract or the disposition or execution of any such order or contract, or in regard to any act of agency performed with respect to such order or contract for such person;

7 U.S.C. § 6b.

■■■ Under the common law of fraud, it is unlawful to make a false representation of material fact, knowing or believing that representation to be false and intending another to rely upon that representation. *Bishop v. Tice*, 622 F.2d 349, *appeal after rehearing*, 704 F.2d 417 (8th Cir. 1980); *Storthz v. Commercial National Bank*, 276 Ark. 10, 631 S.W.2d 613 (1982). The gravamen of the complaint in either type of fraud is a knowingly deceitful action. A party is not necessarily guilty of fraud because he expresses an erroneous opinion or makes a prediction that fails to come true. *Starling v. Valmac Industries, Inc.*, 589 F.2d 382 (8th Cir.1979). Rather, the person making the prediction or expressing the opinion is only guilty of fraud if he knows that opinion or prediction to be false when it is made. *Vickers v. Gifford-Hill & Co., Inc.*, 534 F.2d 1311 (8th Cir.1976).

■■■ The evidence showed that Greenwood's broker, Johns, and the broker in

charge of the REFCO Springdale office, Robert Bone, were taking a short position in feeder cattle during the summer of 1979, and advising their clients to do the same. It is hardly open to dispute that had these brokers known or suspected their advice to be erroneous, they would not have been risking their personal accounts by going short in feeder cattle. Rather, they made an erroneous prediction as to the course that the feeder cattle market would take. The commodities market is a volatile arena in which speculators risk often high stakes on an uncertain outcome. Commodities speculation is a form of gambling condoned by our society because it stabilizes the farm markets, an important function in the economy. However, there is nothing stable about the commodities market itself. The law therefore does not require brokers to be right in their predictions about market behavior, but only to make those predictions in good faith. The evidence in this case clearly shows that Johns acted in good faith when he advised Greenwood to take a short position in feeder cattle.

As for the placing of 28 unauthorized contracts for feeder cattle into his account, Greenwood admitted that he knew, by the afternoon of the same day, that the 28 contracts had been placed in his account. At that point he could have instructed his broker to remove the 28 contracts, but he did not so instruct Johns. Instead, he elected to retain these contracts in his non-discretionary trading account. By this action, Greenwood condoned, if he did not instigate, the actions of Johns and Bone, and cannot recover for any losses occasioned by the unauthorized contracts placed in his account by his broker. *Lincoln Commodity Services v. Meade*, 558 F.2d 469 (8th Cir.1977).

In deciding defendants' motion for judgment notwithstanding the verdict, this Court must consider the evidence in the light most favorable to Greenwood as the prevailing party; must assume that all conflicts in the evidence were resolved by the jury in favor of Greenwood; must assume as proved all facts which Greenwood's evidence tends to prove; must give Greenwood the benefit of all favorable inferences which may reasonably be drawn from the facts proved; and must deny the motion if reasonable people reviewing the evidence by this standard could differ as to the conclusions to be drawn from it. *Russell v. United Parcel Service, Inc.*, 666 F.2d 1188 (8th Cir.1981). To put it more succinctly, "Unless the evidence, along with all inferences reasonably to be drawn therefrom, when viewed in the light most favorable to the plaintiff is such that reasonable jurors in fair and impartial exercise of their judgment could not reasonably disagree in finding for the defendant, the motion must be denied." *Vander Zee v. Karabatsos*, 589 F.2d 723 (D.C.Cir., 1978), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2407, 60 L.Ed.2d 1066. The evidence, viewed in this light, does not support the jury verdict.

Greenwood failed to prove the necessary elements of fraud to enable him to recover his losses on the short feeder cattle contracts he entered into through the agency of Johns and REFCO, INC. While the evidence did suggest that brokers in the Springdale office of REFCO, INC., were disregarding some of the regulations of the Chicago Mercantile Exchange, it did not show actionable fraud on the part of REFCO, INC., or Thomas Dittmer. Even when the evidence is viewed in the light most favorable to Greenwood, and he is given the benefit of every legitimate inference, it cannot be concluded that Greenwood's trading losses were fraudulently induced by REFCO or Dittmer. Therefore, the jury verdict returned at the trial of this case must be set aside, and judgment entered in favor of the defendants on the claims of the plaintiff.

In deciding defendants' alternative motion for a new trial, this Court must find that prejudice or error has crept into the record, that the verdict is against the clear weight of the evidence, or that substantial justice has not been done. *Ouachita Nat. Bank v. Tosco Corp.*, 686 F.2d 1291 (8th Cir.1982) *on rehearing*, 716 F.2d 485; *Young v. Ethyl Corp.*, 444 F.Supp.

207 (E.D.Ark.1977). The Court is not required, in passing on the motion for new trial, to view the evidence in the light most favorable to Greenwood. It may weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict. *Ouachita Nat. Bank v. Tosco Corp., supra.* Because it is the finding of the Court that the evidence does not support a verdict in favor of Greenwood, it is necessarily also the finding of the Court that prejudice, error, or injustice is the foundation of the jury verdict in favor of Greenwood and that the verdict is against the clear weight of the evidence. Defendants are therefore granted a conditional new trial in the event that the judgment n.o.v. is not upheld on appeal.

▉ Regarding the counterclaim of REFCO, INC. for an admitted debit balance in Greenwood's account, this Court finds that when Greenwood is given the benefit of all legitimate inferences,.it might be concluded that the debit had been forgiven. The jury verdict on defendant REFCO, INC.'s counterclaim is therefore not disturbed.