Stanley GREENWOOD, Appellant,

v.

Thomas H. DITTMER, Ray E. Friedman & Company, Appellees.

Stanley GREENWOOD, Appellee,

v.

Thomas H. DITTMER, Ray E. Friedman & Company, Appellants.

Nos. 84–2403, 84–2468.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1985.

Decided Nov. 8, 1985.

Rehearing Denied Jan. 3, 1986.

John F. Arens, Fayetteville, Ark., for appellant.

Elizabeth J. Robben, Little Rock, Ark., for appellees.

Before HEANEY and BOWMAN, Circuit Judges, and WANGELIN,* Senior District Judge.

BOWMAN, Circuit Judge.

Stanley Greenwood brought suit against Thomas Dittmer and Refco, Inc. seeking damages allegedly resulting from Dittmer's and Refco's actions regarding various commodities transactions in feeder cattle. Refco filed a counterclaim seeking to recover a debit balance on Greenwood's commodities trading account with Refco. The jury awarded Greenwood both actual and punitive damages and also found for Greenwood on Refco's counterclaim. The District Court,[1] 596 F.Supp. 235 (W.D.Ark.

---

* The HONORABLE H. KENNETH WANGELIN, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

1984), granted Refco's motion for judgment notwithstanding the verdict (n.o.v.) on Greenwood's claims and denied Refco's motions for a directed verdict, judgment n.o.v. and a new trial on the counterclaim. Both parties now appeal and assert error in these and other rulings. We affirm.

## I.

In 1978, Stanley Greenwood opened a non-discretionary commodity futures trading account with the Springdale, Arkansas office of Refco, a Chicago-based commodity brokerage business. Greenwood relied on Stephen Johns and Robert Bone, brokers in the Springdale office, for investment advice and information. On June 26, 1979, Greenwood went to the Refco office and told Johns and Bone that he was going to close his account. Bone eventually convinced Greenwood to take short positions in twenty-five August 1979 feeder cattle contracts. Both Johns and Bone thought that Thomas Dittmer, the president of Refco, was taking a short position in feeder cattle. On the basis of this belief, Johns and Bone personally were taking short positions in feeder cattle and were advising their clients to do likewise. In fact, Dittmer was taking a long position in the market.

Although Greenwood only agreed to take twenty-five contracts in feeder cattle, Bone also placed an additional twenty-eight unauthorized contracts in Greenwood's account on June 27 and 28 in partial disposition of 1000 contracts that Bone had ordered in violation of the rules of the Chicago Mercantile Exchange. On June 28, Greenwood called Johns from Dallas and was informed that his account contained twenty-eight additional short feeder contracts. Greenwood agreed to keep the additional trades in his account. Thereafter, the price of feeder cattle rose, causing a substantial loss in Greenwood's account. These losses exceeded his margin and he was placed on "margin call." When he could not meet the call, Refco liquidated Greenwood's account in accordance with the provisions of the customer agreement.

Subsequently, Greenwood commenced this action alleging that Refco and its agents violated section 4b of the Commodity Exchange Act (CEA), 7 U.S.C. § 6b, committed common-law fraud, and breached their fiduciary duties to him as a customer. Greenwood claimed that he accepted the unauthorized positions in his account because of representations made by Refco through its agents that Refco thought that the cattle market would decline. The plaintiff asserts that Refco knew that this advice was erroneous because Dittmer, Refco's president, had begun to deliver feeder cattle which allegedly would have had the effect of causing the price of futures to rise.

Refco denied the substance of Greenwood's complaint. In addition, Refco asserted a counterclaim for the debit balance remaining in Greenwood's account. Greenwood contended that Refco had forgiven the debt.

The District Court granted Refco's motion for a directed verdict on the breach of fiduciary duty claim. The case then was submitted to the jury on the CEA and common-law fraud claims and on the counterclaim.[2] The jury returned a general verdict for Greenwood on the fraud claims, awarding actual and punitive damages, and a verdict against Refco on its counterclaim. Refco moved for judgment n.o.v. on all counts. The District Court set aside the jury verdict for Greenwood but denied Refco's motion regarding the counterclaim. Greenwood now appeals the granting of the directed verdict on the breach of fiduciary duty claim and of the judgment n.o.v. in favor of Refco. Greenwood also appeals the District Court's award of attorneys' fees and costs in connection with Greenwood's failure to subpoena a witness for a deposition. Refco appeals the court's denial of its motions for a directed verdict, judgment n.o.v., and a new trial on its counterclaim.

---

**2.** During closing argument the plaintiff admitted that he had not proved his case against Dittmer. Transcript at 311. Only Refco, therefore, is a party in this appeal.

## II.

### A.

Greenwood first asserts that the District Court committed error when it granted Refco's motion for a directed verdict on the breach of fiduciary duty claim. In reviewing a district court's grant of a directed verdict motion, this Court must decide whether the evidence was sufficient to create an issue of fact for the jury. *Kropp v. Ziebarth*, 601 F.2d 1348, 1352 (8th Cir. 1979). In making this assessment, we view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences. *Rogers v. Allis-Chalmers Credit Corp.*, 679 F.2d 138, 140 (8th Cir.1982).

Although the plaintiff's complaint in this case avers that his account with Refco was a discretionary account, the record unequivocally reveals that it was a non-discretionary account. Greenwood argues, however, that the existence of a fiduciary relationship between a broker and his customer is not dependent upon whether the account in question is discretionary or non-discretionary. In support of this contention, Greenwood cites several decisions of the Commodity Futures Trading Commission (CFTC) holding that a broker has a fiduciary duty to a customer unless he does nothing more than act as a conduit for the customer's orders. *See, e.g., Guttman v. Paine Webber Jackson & Curtis, Inc.*, Comm.Fut.L.Rep. (CCH), ¶ 21,434 at 26,077 (CFTC 1982); *Wheeler v. Investment Managers Commodity Corp.*, Comm.Fut.L. Rep. (CCH), ¶ 20,867 at 23,552 (CFTC 1979).[3]

■ The CFTC's jurisdiction, however, extends only to CEA violations and therefore it has no authority to determine breach of fiduciary duty claims arising un-der state law. *See Arkoosh v. Dean Witter & Co.*, 415 F.Supp. 535, 540 (D.Neb. 1976); *see also* 7 U.S.C. § 15 (authority to decide state law claims not included in Commission's enforcement powers). We defer to the determination of the District Court that, under Arkansas law, no fiduciary duty arises between a broker and his client in relation to a non-discretionary commodity trading account. *See Stoetzel v. Continental Textile Corporation of America*, 768 F.2d 217, 223 (8th Cir.1985) (great deference is due to district court determinations of uncertain questions of state law). We notice in passing that the District Court's determination of Arkansas law is in accord with our observation in *Ray E. Friedman & Co. v. Jenkins*, 738 F.2d 251, 254 (8th Cir.1984), that there was "no merit in [the] contention that an instruction on fiduciary duty should have been given" because the account involved was non-discretionary. Since there was no dispute that Greenwood's account was non-discretionary, we cannot say that the District Court erred in directing a verdict in Refco's favor on this claim.

### B.

The plaintiff next contends that the District Court erred when it granted Refco's motion for judgment n.o.v. on the CEA and common-law fraud claims. A motion for judgment n.o.v. tests the sufficiency of the evidence in the same manner as does a motion for a directed verdict at the close of all evidence. *Tackett v. Kidder*, 616 F.2d 1050, 1052 (8th Cir.1980). Upon appeal of an order granting judgment n.o.v., this Court is guided by the same standard as the trial court. *See id.* at 1053. The Court must:

---

3. Greenwood also relies on *McIlroy v. Dittmer*, 732 F.2d 98, 104 (8th Cir.1984), in support of his contention that Refco's placement of the unauthorized contracts in his account breached Refco's fiduciary duty to him and violated § 4b of the CEA. We find it unnecessary to address this issue, however, because the plaintiff's complaint does not allege any breach of fiduciary duty stemming from the unauthorized placement of commodity contracts in his account. Rather, the breach of fiduciary duty count of Greenwood's complaint is based upon allegations of misrepresentation by Refco and its agents. Thus, in light of the District Court's denial of the plaintiff's motion to amend the pleadings to conform to the evidence, this argument is not properly before us for review.

"(a) consider the evidence in the light most favorable to the plaintiff[ ] as the verdict-winning part[y], (b) assume that the jury resolved all conflicts of evidence in favor of the plaintiff[ ], (c) assume as true all facts which the plaintiff['s] evidence tended to prove, (d) give the plaintiff[ ] the benefit of all favorable inferences which may reasonably be drawn from proved facts, and (e) deny the motion if in light of the above reasonable jurors could differ as to the conclusions that could be drawn from the evidence."

*Brown v. Missouri Pacific Railroad,* 703 F.2d 1050, 1052 (8th Cir.1983).

We initially note that rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud ... be stated with particularity." One of the primary purposes of this rule is to facilitate a defendant's ability to respond to and to prepare a defense to a plaintiff's charges. In the instant case, the plaintiff's complaint details the alleged fraud as consisting of advising the plaintiff to sell short while the defendant was beginning to deliver feeder cattle to drive up the futures market. Greenwood also alleges in conclusory fashion in his complaint that the defendant, through its agents, made untrue statements of material facts or omitted or failed to state material facts necessary to make other statements not misleading. We view these latter allegations as insufficiently specific to satisfy the requisites of Fed.R.Civ.P. 9(b).

We also note that the District Court denied the plaintiff's motion to amend the pleadings to conform to the evidence. The plaintiff has not appealed the denial of this motion. Thus, we determine whether the District Court's grant of Refco's motion for judgment n.o.v. was appropriate only by reference to the plaintiff's claim that Refco intentionally or knowingly advised its customers, including Greenwood, to accept short sales of cattle futures while Refco was engaging in market activities to drive up the price of cattle futures. While some of Refco's other representations or activities arguably may have constituted actionable fraud, these issues are not properly before this Court. *See* Fed.R.Civ.P. 9(b).

A common-law action for fraud requires a false representation of a material fact with knowledge or belief on the part of the defendant that the representation is false. The false representation must be made with the intent to induce the other party to rely upon that representation. *See Bishop v. Tice,* 622 F.2d 349, 358 (8th Cir.1980); *Storthz v. Commercial National Bank,* 276 Ark. 10, 631 S.W.2d 613, 616 (1982). A fraud action under section 4b of the CEA is substantially the same.[4] An expression of opinion may constitute fraud only if the person knew that the opinion was false when made. *Vickers v. Gifford-Hill & Co.,* 534 F.2d 1311, 1316 (8th Cir. 1976).

The evidence in the instant case, viewed in the light most favorable to the plaintiff, fails to convince us that there was an issue present for resolution by the jury. The record indicates that both Johns and Bone personally took short positions in the feeder cattle market at the same time they were advising Greenwood to do likewise. As the District Court concluded, "It is hardly open to dispute that had these brokers known or suspected their advice to be erroneous, they would not have been risking their personal accounts...." 596 F.Supp. 235, 239 (W.D.Ark.1984). The only plausible inference from this is that Johns and Bone gave the advice to Greenwood in good faith. That the advice obtained in connection with an enterprise as risky as commodity trading is occasionally or even frequently incorrect should come as no surprise to any but the neophyte. The fact

---

**4.** The Supreme Court observed in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran,* 456 U.S. 353, 389 n. 88, 102 S.Ct. 1825, 1845 n. 88, 72 L.Ed.2d 182 (1982), that the language of § 4b of the CEA is similar to that of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). Thus, since the Court has fashioned the elements of a private action under § 10(b) and its appurtenant regulation by reference to the elements of a common-law fraud action, the application of those elements would seem equally appropriate in cases arising under § 4b.

that Johns' and Bone's opinions concerning the feeder cattle market turned out to be erroneous is insufficient, standing alone, to support a fraud judgment. *See Vickers,* 534 F.2d at 1316. Finding no support in the record for the allegations of the plaintiff's complaint, we affirm the District Court's grant of the judgment n.o.v.

### C.

■ The jury also returned a verdict for Greenwood on Refco's counterclaim. The District Court denied Refco's motions for a directed verdict, judgment n.o.v., and a new trial on the counterclaim and Refco maintains that these denials were erroneous. As for the denial of the directed verdict and judgment n.o.v., we are unable to conclude that there was no jury issue regarding the debit balance in Greenwood's account. Giving Greenwood the benefit of all reasonable inferences when the evidence is viewed in the light most favorable to him, we believe that the jury could have decided that the debt had been forgiven. The plaintiff denied all of the allegations contained in Refco's counterclaim. The account statements introduced at trial indicated a zero balance in Greenwood's account after he telephoned Refco and asserted that he did not owe the $25,396.90 balance previously shown. The jury could have determined that the zero balance reflected that Refco had forgiven the debt. We have reviewed Refco's other arguments regarding the denial of the motion for judgment n.o.v. and find them to be without merit.

■ In addition, Refco submits that the District Court should have granted a new trial on the counterclaim. Although Refco did not brief this point, we observe that the denial of a motion for a new trial is reviewed under an abuse of discretion standard. *See Russell v. United Parcel Service, Inc.,* 666 F.2d 1188, 1191 (8th Cir. 1981). The trial court is in a better position to assess the weight and credibility of the evidence and we defer to that court's determination as no abuse of discretion is apparent in the case at bar.

### III.

The final issue that we are asked to consider is the District Court's award of attorneys' fees and costs to the defendant in connection with a deposition scheduled to be taken in Des Moines, Iowa four days before trial. On September 6, 1984, the plaintiff served notice of a deposition scheduled for September 13, 1984. Counsel for Refco strongly objected to this proposed deposition because of its proximity to the trial date. Pursuant to the District Court's decision to allow the deposition to proceed, Refco's counsel traveled to Des Moines and appeared for the deposition at the appropriate place and at the appropriate time. The person named as the deponent in the deposition notice, however, had not been subpoenaed by the plaintiff and was unwilling to be deposed at that time. A conference call was held with the District Court in which both parties participated. At the conclusion of this conference, the court informed counsel for Refco that she need not stay in Des Moines until the witness was ready to testify as the court, through the judge's law clerk, earlier had directed the plaintiff to subpoena the witness.

Subsequently, Refco moved for an award of attorneys' fees and costs and submitted a supporting affidavit and documentation. The plaintiff did not submit an affidavit or any other documentation to contest the representations made by Refco's counsel. Instead, the plaintiff requested that the court grant a hearing and filed a brief opposing Refco's motion. The question now raised is whether the District Court abused its discretion by refusing to grant the plaintiff's request for a hearing concerning this matter. *See Anderson v. Home Insurance Co.,* 724 F.2d 82, 84 (8th Cir.1983).

■ Rule 30(g)(2) of the Federal Rules of Civil Procedure allows a court to order a party to reimburse those attending a deposition if the witness does not appear because the party failed to serve a subpoena upon him. Although a witness is physically present, his unwillingness to testify is

sufficient to justify invocation of this rule. *See Cronin v. Midwestern Oklahoma Development Authority,* 619 F.2d 856, 864 (10th Cir.1980). In the instant case, the plaintiff had adequate opportunity to present his characterization of the events surrounding the deposition to the court during the conference call on the day on which the deposition was scheduled. Moreover, the court was fully apprised regarding the services rendered and the costs incurred by the defendant and was completely capable of determining on its own whether those expenses were reasonable. Because we believe that the plaintiff was afforded any hearing necessary by virtue of both the conference call from Des Moines and the opportunity to submit a brief and any other supporting materials opposing the defendant's motion, we can find no abuse of discretion in the District Court's award of fees and expenses.

The judgment of the District Court is affirmed.