Brian McWILLIAMS *v.* Aaron ZEDLITZ

87-189                                                    742 S.W.2d 929

Supreme Court of Arkansas
Opinion delivered January 25, 1988

*Gean, Gean, & Gean,* by: *Lawrence W. Fitting,* for appellant.

*Jerry Ryan,* for appellee.

JACK HOLT, JR., Chief Justice. This appeal is from a jury verdict in favor of the appellees, Aaron and Opal Zedlitz, on their complaint against the appellant, Brian McWilliams, for willful and malicious misrepresentation (the tort of deceit) as to the need of a survey for the purchase of real property. It is claimed on appeal that the trial court erred in denying appellant's motion for a directed verdict. In the alternative, it is argued that the verdict was against the preponderance of the evidence. Because there is substantial evidence to support the verdict, we affirm.

Sometime in October 1983, Aaron and Opal Zedlitz, residents of Texas, engaged the services of McWilliams Real Estate in Mena, Arkansas, to assist the couple in finding and purchasing land near Mena. Brian McWilliams took Mr. and Mrs. Zedlitz to a piece of property which the couple ultimately purchased. According to Aaron Zedlitz, McWilliams had represented that the exact acreage was not known, and a survey would have to be done before the property could be sold. McWilliams, also a surveyor, maintained that it was he who would do the survey. Aaron Zedlitz further testified that McWilliams had assured them that the county records had been checked, and no prior survey had been performed. Opal Zedlitz corroborated her husband's testimony. She added that they told McWilliams that they would not pay for a survey if one had already been performed.

The Zedlitzes signed a real estate agreement on the day the property was first shown and deposited earnest money with McWilliams. Closing was set for November 15, 1983, but the couple did not return to Arkansas until November 17, at which time they again viewed the property and discovered that someone had recently surveyed the land and placed new markers. McWilliams informed them that the required survey was completed at a cost of $629.50, which they paid. An escrow agreement furnished by McWilliams and dated November 18, 1983, included a property description which ends:

> The above described acreage being surveyed by Brian M. McWilliams with a plat of said survey filed in the Circuit Clerk's Office, Polk County, Arkansas . . . .

In May 1984, Aaron Zedlitz contacted the county clerk in an attempt to secure a copy of the plat filed by McWilliams, only to

discover that no such plat had been filed. In the process, he found the plat of a prior survey performed in 1980 by the county surveyor. A copy of the McWilliams survey, which was performed in November 1983, was filed with the clerk on September 7, 1984. Notations on the McWilliams survey indicate that McWilliams knew of and made use of the preexisting survey, although he had informed the Zedlitzes the property had not been previously surveyed.

In contradiction, McWilliams testified that when Aaron Zedlitz first expressed concern in October 1983 about the location of the property lines, he offered to check the county records to see if the property had been surveyed. Shortly after showing the property, he checked the records and informed the couple that a survey was of record. McWilliams stated that he subsequently performed survey work on the property in November 1983, however, he maintained it was not a complete survey and was done only after Aaron Zedlitz requested that the property corners be verified and marked. McWilliams further advised the Zedlitzes that the only way to determine whether a particular logging road was on the property was to have a survey performed.

The jury found for the Zedlitzes and awarded compensatory and punitive damages.

To succeed on a claim for willful and malicious misrepresentation, it was necessary that the appellees prove: (1) a false, material misrepresentation of fact by McWilliams; (2) knowledge by McWilliams that the representation was false; (3) an intention by McWilliams that the appellees act in reliance upon the representation; (4) justifiable reliance by the appellees on the representation; and (5) damage to the appellees resulting from such reliance. *Grendell* v. *Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987); *Storthz* v. *Commercial National Bank*, 276 Ark. 10, 631 S.W.2d 613 (1982).

In cases in which it is contended that the evidence was insufficient to support the plaintiff's claim, and in which this court is also being asked to review the denial of a motion for a directed verdict, the evidence, along with all reasonable inferences deducible therefrom, is examined in the light most favorable to the party against whom the motion is sought. *First*

*Commercial Bank* v. *Kremer*, 292 Ark. 82, 728 S.W.2d 172 (1987). If there is any substantial evidence to support the verdict, we will affirm the trial court. *Grendell, supra.*

Although the testimony was in sharp conflict, it is within the province of the jury to resolve those conflicts. *Union Lincoln Mercury, Inc.* v. *Daniel*, 287 Ark. 205, 697 S.W.2d 888 (1985). There was substantial evidence for the jury to find that McWilliams falsely represented to the Zedlitzes that as the property had not been previously surveyed, a survey would be necessary in order for them to acquire the land, and that the Zedlitzes relied on these representations and paid McWilliams for a survey when one already existed. McWilliams represented in an escrow agreement that his own survey had been completed and the corresponding plat filed with the county, when in fact it was not of record. McWilliams was aware of the previous survey as evidenced by notations on his own plat. The jury resolved the evidence in favor of the Zedlitzes, which was within its province. *Union Lincoln Mercury, Inc., supra.*

Affirmed.