DELTA SCHOOL OF COMMERCE, INC., d/b/a Delta Career College, and Steve McCray *v.* Earlene WOOD

88-276                                          766 S.W.2d 424

Supreme Court of Arkansas
Opinion delivered March 13, 1989
[Supplemental Opinion on Denial of Rehearing
May 1, 1989.*]

---

*Glaze, J., concurs.

196

*Rose Law Firm, A Professional Association*, by: *Tim Boe* and *Jess Askew III*, for appellants.

*Everett O. Martindale*, for appellee.

JACK HOLT, JR., Chief Justice. Appellee Earlene Wood (Wood) filed suit against appellants Delta School of Commerce, Inc. (Delta), and Steve McCray (McCray), alleging that they fraudulently induced her to enter a course in nursing by making false representations that the course would lead her to a position of employment similar to that of a Licensed Practical Nurse. Delta and McCray denied making any false statements or fraudulently inducing Wood to enter a course of study. The jury found in favor of Wood and assessed compensatory damages of

$3,064.00 and punitive damages of $50,000.00 against Delta and McCray. The trial court entered judgment accordingly. From this order, Delta and McCray appeal. We find no error and affirm.

Wood testified that in May or June of 1986, she read a newspaper article concerning a course of study at Delta leading to a diploma as a nursing assistant. Shortly thereafter, she made an appointment to talk with McCray, president of Delta, concerning the program. During their meeting, she asked him if a nursing assistant was the same thing as a nurse's aide. McCray replied that it was not. He also told her that "they are phasing out the LPNs" and that "she would not get rich as a nursing assistant but that the pay would be comparable to that of an LPN." Based upon these statements, she enrolled at Delta the next day. In addition, she got a student loan for $3,064.00. After completing seven months of the eight or nine-month program, she dropped out because she discovered she was studying to be a nurse's aide. Wood further testified that the training for nursing assistants and LPNs is quite different: Nursing assistants learn to make beds, empty bed pans, and take vital signs; LPNs learn to assist in surgery and give medication and injections.

Although McCray denied that he told Wood "they are phasing out LPNs in the State of Arkansas, so the nursing assistants will be taking the place of the LPNs," he acknowledged an awareness of the issue by stating that "the question that keeps coming up, whether or not LPN's are being phased out, I've heard before." Maxine Ottey, Director of Nursing Practice with the Arkansas Board of Nursing, testified that "a nursing assistant certainly cannot and does not take the place of an LPN."

## EXCLUSION OF EVIDENCE

The appellants contend that the trial court erred in excluding nursing magazine and journal articles concerning a debate in the nursing profession on phasing out the existing levels of entry into nursing practice (Registered Nurse, Licensed Practical Nurse, and nurse's aide) and replacing them with two levels of entry into practice: professional nurse, which would contain persons entitled Registered Nurse, and technical nurse, which would contain persons entitled associate nurse or registered associate nurse. These articles were tendered at the close of the

trial for the limited purpose of "showing the credibility" of Wood, "that the statements she relied on may have come from others and not Delta Career College." After an exchange with appellants' and appellee's counsel, the court refused to admit the articles into evidence, stating in part that "the authenticity of a statement he never stated would not seem to be relevant."[1]

The appellants apparently have abandoned their "credibility" argument made to the trial court as they now contend on appeal that by excluding these relevant articles, the trial court denied them the opportunity to present their theory of the case that the representations were true and that McCray did not know the representations were false.

■ As enunciated in *Grendell* v. *Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987), *see also McWilliams* v. *Zedlitz*, 294 Ark. 336, 742 S.W.2d 929 (1988), the essential elements of an action for deceit are as follows:

(1) a false, material representation (ordinarily of fact) made by the defendant;

(2) scienter — knowledge by the defendant that the representation is false, or an assertion of fact which he does not know to be true;

(3) an intention that the plaintiff should act on such representation;

(4) justifiable reliance by the plaintiff on the representation; and

(5) damage to the plaintiff resulting from such reliance.

---

[1] Attention is directed to Ark. Sup. Ct. R. 9(d), which provides in pertinent part that "[t]he appellant's abstract or abridgment of the records should consist of an impartial condensation, without comments or emphasis, of *only* such material parts of the pleadings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision." The appellants' abstract of the exchange between counsel and the trial court concerning the articles is incomplete and biased. First of all, material portions of appellants' counsel's statements concerning the purpose for which he was proffering the articles and significant parts of the trial court's ruling on the admissibility of the articles are omitted. Secondly, the statement in the abstract that "Mr. Woods proffered evidence tending to show that the alleged representation was in fact true . . . ," is a biased factual conclusion which is unsupported by the record.

Contrary to the assumption made by appellants' counsel, the articles in question contain nothing showing that the representations made by McCray were true. They merely show that there is a debate in the nursing profession concerning phasing out the existing levels of entry — professional and technical nurses. Furthermore, the theory of appellants' case at trial was not, as they now allege on appeal, that the representations were true or that McCray believed them to be true, but rather that he did not make the representations. In fact, his testimony at trial (as well as in a pre-trial deposition) indicates he did not know whether LPNs are being phased out in Arkansas or what the future is for LPNs.

█ █ The admissibility of evidence is a matter within the sound discretion of the trial court. *Missouri Pacific R.R.* v. *Mackey*, 297 Ark. 137, 760 S.W.2d 59 (1988). Under the circumstances, we find no abuse of discretion by the trial court in excluding the articles.

## EXPRESSIONS OF OPINION/PREDICTIONS OF FUTURE EVENTS

The appellants argue that the representations in question were expressions of opinion and predictions of future events, not representations of fact, and therefore not actionable. We disagree.

█ In general, an expression of opinion, i.e., a statement concerning a matter not susceptible of accurate knowledge, cannot furnish the basis for a cause of action for deceit or fraud. *Grendell, supra. See also Vickers* v. *Gifford-Hill & Co., Inc.*, 534 F.2d 1311 (8th Cir. 1976); *St.Paul Fire and Marine Insurance Co.* v. *Hundley*, 354 F. Supp. 655 (E.D. Ark. 1973); *Ryan* v. *Batchelor*, 95 Ark. 375, 129 S.W. 787 (1910). However, an expression of opinion that is false and known to be false at the time it is made is actionable. *Horn* v. *Ray E. Friedman & Co.*, 776 F.2d 777 (8th Cir. 1985). The general rule only applies where the person expressing his or her opinion does so in good faith. *Anthony* v. *First National Bank of Magnolia*, 244 Ark. 1015, 431 S.W.2d 267 (1968).

In *Grendell, supra,* we held that statements by the defendant that an oil investment was a "good thing" and would "make money" and that the wells would pump "fifty barrels a day" were

in the nature of puffing and constituted mere expressions of opinion. In *Cannaday* v. *Cossey*, 228 Ark. 1119, 312 S.W.2d 442 (1958), we held that a statement by a vendor that he had a "good house" was also a statement of opinion.

In the case at bar, the statements made by McCray to Wood that "they are phasing out the LPNs in the State of Arkansas, so the nursing assistants will be taking the place of the LPNs" and that "she would not get rich as a nursing assistant but that the pay would compare to that of an LPN" were representations of fact, not expressions of opinion. Unlike the loose general statements made by sellers in commending their products which we found to be expressions of opinion in *Grendell* and *Cannaday*, the statements made by McCray were specific and definite.

Even if McCray's statements were construed to be expressions of opinion, it does not automatically follow, as appellants erroneously assume, that such expressions cannot form the basis of a cause of action for fraud or deceit. It is clear from *Anthony* and *Horn* that expressions of opinion which are false and known to be false when made are actionable. From the testimony and other evidence presented at trial, the jury reasonably could have concluded that the statements made by McCray were false and that he knew them to be false at the time he made them.

Appellants' contention that the statements made by McCray were predictions of future events is also without merit.

In general, an action for fraud or deceit may not be predicated on representations relating solely to future events. *See Anthony, supra; Lawrence* v. *Mahoney*, 145 Ark. 310, 225 S.W. 340 (1920); *Harriage* v. *Daley*, 121 Ark. 33, 180 S.W. 333 (1915); *Conoway* v. *Newman*, 91 Ark. 324, 121 S.W. 353 (1909). However, the general rule is inapplicable if the person making the representation or prediction knows it to be false at the time it is made. *See Anthony, supra; Greenwood* v. *Dittmer*, 596 F. Supp. 235 (W.D. Ark. 1984). *See also Victor Broadcasting Co., Inc.* v. *Mahurin*, 236 Ark. 196, 365 S.W.2d 265 (1963).

The statements in question were not predictions of future events, but statements of existing situation. Moreover, even if the statements were considered to be predictions, the appellants would still be liable if McCray believed them to be false when he

made them to Wood. *See Anthony, supra; Greenwood, supra.* Again, in light of the testimony and other evidence presented at trial, the jury reasonably could have concluded that McCray knew the statements were false at the time he made them.

## JURY INSTRUCTIONS

The appellants assert that one of the trial court's instructions to the jury was erroneous in that the instruction omitted an essential element of the tort of deceit. We do not reach this issue.

Prior to trial, defendant-appellants submitted, among other instructions, an instruction on deceit (noted as defendants' requested instruction # 11). At the conclusion of trial, the trial judge instructed the jury on deceit, apparently utilizing the submitted instruction. However, in reading the instruction to the jury, the trial court omitted one of the essential elements of deceit (scienter) contained in the submitted instruction. Neither party objected to the instruction as read by the trial court.

No party may assign as error on appeal "the giving or failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the manner to which he objects and the grounds of his objection." Ark. R. Civ. P. 51. *See also Hill Construction Co.* v. *Bragg*, 291 Ark. 386, 725 S.W.2d 538 (1987); *Wallace* v. *Dustin*, 284 Ark. 318, 681 S.W.2d 375 (1984). Since appellants voiced no objection when the instruction was given to the jury, they cannot now complain.

## MOTION IN LIMINE

Finally, the appellants contend that the trial court erred in denying their motion in limine. We disagree.

Before trial, the appellants filed the following motion in limine:

> Comes now the Defendants, Delta Career College, et al., by their attorneys, Wood Law Firm, and move the Court to restrict and prohibit testimony of witnesses of Plaintiff which is not contemporaneous or occurring prior in time to the allegation of Plaintiff and which purports to confirm statements made by Delta Career College by any of its officers, directors, agents, or employees, more partic-

ularly described as: "The LPN program is being phased out and nursing assistants will be taking their place." The presentation of such testimony would be extremely prejudicial to the Defendants.

The trial court denied their motion with the understanding that the questioned testimony would be admissible under certain circumstances, depending on how the proof developed.

Thereafter, Kristie Woody, who was an instructor at Delta from May of 1986 to June of 1987, testified that while she was teaching at Delta, she heard McCray tell students that "they would be phasing out LPNs and there would be RNs and nursing assistants in hospitals." Gladys Adair, who was in the same class as Wood, testified that when she applied for admission to Delta, Kathy McCray, Steve McCray's wife and an employee of Delta, told her "that they are phasing out the LPN program and, as nursing assistants, we will be taking their place." Joetta Flowers, also a classmate of Wood, testified that after classes had started, a female representative of Delta informed her that "they were phasing out LPNs, that the nursing assistant would take the place of an LPN, and that we would be making the same rate of pay of an LPN." Debbie Oliver, who worked as an admissions representative for Delta from October 1986 until May of 1987, testified that Steve McCray told her that "LPNs were to be phased out and nursing assistants were taking over." The appellants did not object to any of this testimony.

We have held that where a motion in limine is made to specific evidence and denied, no further objection is necessary to preserve the issue for appeal. See Schichtl v. Slack, 293 Ark. 281, 737 S.W.2d 628 (1987). However, this rule should not apply where, as in the case at bar, the judge does not make a final or determinative ruling on the motion in limine but, rather, conditions the admissibility of the evidence on "how the proof develops." By failing to object at trial to the testimony in question, the appellants cannot now raise this issue on appeal.

Affirmed.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
MAY 1, 1989

769 S.W.2d 738

*Rose Law Firm, A Professional Association*, by: *Tim Boe* and *Jess Askew III*, for petitioner.

*Everett Martindale*, for respondent.

JACK HOLT, JR., Chief Justice. On rehearing, appellants contend that we erred in holding that they waived their right to challenge the jury instruction on deceit because they did not object to the instruction at the time it was being read to the jury by the trial court. We adhere to our position that appellants' failure to object resulted in a waiver. However, we do wish to clarify our holding.

In our original opinion we stated that no party may assign as error on appeal "the giving or failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the manner to which he objects and the grounds of his objection," quoting the language of Ark. R. Civ. P. 51. In utilizing Rule 51 as a basis for our decision, we do not intend to imply that the appellants were barred from challenging the

failure to instruct on this issue because they did not object *at the time the instruction was read to the jury.* (Emphasis added.)

██ To the contrary, had the appellants objected to the giving of this instruction by the trial court before the case was submitted to the jury, such objection would have been sufficient to preserve the issue on appeal. It is well settled that failure to object to the giving of an erroneous jury instruction before the case is submitted to the jury is a waiver of any error committed by the court in giving it. *Tinsley* v. *Cross Development Co.*, 277 Ark. 306, 642 S.W.2d 286 (1982); *Willis* v. *Elledge*, 242 Ark. 305, 413 S.W.2d 636 (1967).

█ The record does not reveal that the appellant objected to the court's giving of this particular instruction to the jury at any time during the course of the proceedings. This issue is raised for the first time on appeal. Accordingly, they are in no position to challenge the instruction as given by the trial court.

Petition denied.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I agree the appellants' petition for rehearing should be denied, but I would add that the instruction proffered by the appellants was insufficient and incorrect. In *Higgins* v. *Hines*, 289 Ark. 281, 711 S.W.2d 783 (1986), the court set forth the five elements required to constitute the tort of deceit, and in setting out element two, we adopted a rule which requires "knowledge or belief on the part of the defendant that the representation is false *or that he has not a sufficient basis of information to make it.*" (Emphasis added.) *See also* AMI Civil 3d, 405.[1] Appellants' proffered instruction in this cause omitted the foregoing, emphasized language. This omission, in my view, was a vital one, especially when considering the evidence that this court, in pertinent part, reviewed and recited in its majority opinion. Regardless of whether appellants had made a timely objection to the instruction given by the trial court, they simply failed to proffer a correct instruction in its stead—a duty required of them in order to prevail on this point on appeal.

---

[1] In *Grendell* v. *Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987), this element was worded as follows: [S]cienter — knowledge by the defendant that the representation was false, or an assertion of fact which he does not know to be true.