Barbara EASOM *v.* CAVENAUGH FORD COMPANY, INC.

89-39                                                      771 S.W.2d 778

Supreme Court of Arkansas
Opinion delivered July 3, 1989

*Larry J. Steele*, for appellant.

*Bill W. Bristow*, for appellee.

DARRELL HICKMAN, Justice. The appellant, Barbara Easom, sued the appellee for fraud and breach of warranty. After a pretrial hearing, the trial court dismissed the fraud claim. A directed verdict was granted on the breach of warranty action. Mrs. Easom filed a motion for a new trial, and the trial judge entered an order denying that motion. We reverse and remand.

Mrs. Easom is a 31 year old widow with a seventh grade education. In December of 1987, she bought a 1988 pickup from the appellee, Cavenaugh Ford. The truck had 288 miles on it and was sold "as is" and "with all faults." According to the buyer order, the truck had had "some metal and paint work done on it." The dealer warranty disclaimer purportedly disclaimed all war-

ranties, either expressed or implied.

When Mrs. Easom visited the appellee's place of business, she looked at three trucks on the lot and filled out a credit application. After her credit was approved, she visited the lot again and discovered the salesman had already begun to fill out the paper work on the truck in question, even though she had not yet expressed interest in any one truck. She testified that the salesman told her, "I don't have to tell you this but [the truck has] had some minor paint and metal work done on it." He informed her it had probably been damaged during unloading. Mrs. Easom purchased the truck, but tried to return it a week later when the paint began to come off. Cavenaugh refused to take the truck back.

Shortly thereafter, the truck was involved in a minor accident. In the course of having it repaired, it was discovered that extensive rebuilding had been done on the truck. Mrs. Easom again tried to return the truck to Cavenaugh and, again, her offer was refused. She then filed her lawsuit for fraud and breach of warranty.

Cavenaugh filed a motion *in limine* claiming the appellant should be prohibited from mentioning the condition of the frame and body of the truck without first establishing that Cavenaugh knew of the condition at the time the truck was sold to the appellant. In essence, this motion challenged the appellant's ability to prove her claim for fraud.

At a hearing on the motion, the appellant called Harry McCord, a body repairman and used car dealer who sold the truck to Cavenaugh. McCord testified that, before he sold the car to Cavenaugh, he had put a front fender on it, replaced the core support for the radiator, the bed of the truck, the hood, and the grill, and straightened the frame. He also testified that he told Mr. Cavenaugh the truck had minor frame damage and that he had replaced the bed and the parts on the front of the truck.

■ The trial court granted the motion *in limine*, telling the appellant "you can't go on fraud," essentially preventing her

from proceeding on her fraud claim.[1] This was error. Two of the five basic elements of a cause of action for fraud are (1) a false, material statement (ordinarily of fact) by the defendant, and (2) scienter — knowledge by the defendant that the representation is false, or an assertion of fact which he does not know to be true. *Delta School of Commerce* v. *Wood*, 298 Ark. 195, 766 S.W.2d 724 (1989). In this case, the appellant provided evidence from which a jury could find that she had been defrauded: a false statement by the salesman that the truck had had "minor" paint and metal work, and, according to Mr. McCord's testimony, knowledge by Cavenaugh of the extensive work done on the truck. *See O'Neal Ford, Inc.* v. *Davie*, 299 Ark. 45, 770 S.W.2d 656 (1989). An issue of fact existed which should have precluded the summary dismissal of the fraud action.

We find a new trial should have been granted on the fraud claim.

Reversed and remanded.

---

[1] Although the judge heard testimony of a witness, his decision to dismiss the appellant's fraud claim was akin to a grant of a summary judgment. In effect, he found there was no genuine issue of fact on whether the appellee knew of the condition of the truck.